PHILLIP DICKERSON, APPELLEE, V. CHARLOTTE P. DICKERSON ET AL., APPELLANTS.

1.  Husband and Wife: ABANDONMENT BY WIFE. The plaintiff and defendant are husband and wife, and as such, prior to the year 1886, had lived together many years. In 1883 the husband possessed 160 acres of land, on which they resided. The wife represented to him that, as they had no children, in case of his death the land would descend to his heirs and leave her without means of support. He assured her that the law was ample to protect her rights, but at her instigation and to allay her fears he conveyed to her through a trustee one-half of the homestead aforesaid, containing the house, orchard, etc. In less than three years afterwards the wife abandoned her husband and removed to another state. *Held*, That the husband was entitled to a reconveyance of the property.

2.  ———: ———. A wife will not be permitted to retain the title to real estate conveyed to her at her instance by her husband as a provision for her support in case of his death, where, after receiving such conveyance, she without sufficient cause abandons him.

APPEAL from the district court of Johnson county. Heard below before CHAPMAN, J.

*D. F. Osgood*, for appellants, contended that the deeds showed upon their face that the transaction was a gift. 1 Devlin Deeds, Sec. 11. Such gift is irrevocable. *Burt v. Jones*, 8 N. W. Rep., 93. *Dawson v. McFaddin*, 34 N. W. Rep., 338. *Kellogg v. Adams*, 8 N. W. Rep., 115.

*S. P. Davidson* and *B. F. Perkins*, for appellee, cited: 1 Story Eq. Jur., 292. *Taylor v. Taylor*, 8 How., 200. *Boney v. Hollingsworth*, 23 Ala., 698.

MAXWELL, J.

The plaintiff and defendant, Charlotte, are husband and wife, having been married in 1861. In 1883 the plaintiff

possessed a homestead of 160 acres, in Johnson county, on which he and his wife resided. At that time the defendant stated to the plaintiff that, as they had no children, the land in case of his death would descend to his heirs, and leave her without a home or means of support. He assured her that such would not be the case, but to relieve her anxiety, he, at her instance, conveyed 80 acres of said land, containing the house, orchard, etc., to a sister of the defendant as trustee, who immediately conveyed to the defendant.

In 1886 the defendant deserted the plaintiff, and went to Arkansas to reside with a son by a former marriage, and has since continued to remain with said son without the consent of the plaintiff. The plaintiff brought this action to obtain a reconveyance of the above land, and on the trial of the cause in the court below a decree was rendered in his favor, from which the defendant appeals.

So far as appears, the plaintiff's treatment of the defendant was the same after the execution of the deed as before, and the clear weight of the evidence is, that he always treated her kindly. That the deed was obtained by the defendant from the plaintiff by reason of the confidence which he placed in her as his wife is clearly shown. The land was still to be occupied as a homestead by both of them. The conduct of the defendant prior to the making of the deed was such as might reasonably have led the plaintiff to suppose that the defendant was satisfied with her condition, and would continue to reside with him so long as they both should live, and by reason of this confidence she obtained the title. Having obtained the property under the implied agreement that the marriage relation should continue to exist and the parties reside together, the defendant will not be permitted to retain property which she acquired from her husband by deceit and imposition. Had the defendant notified the plaintiff before the execution of the conveyance that she intended to desert him,

it is very clear that it would not have been made. The conveyance was not voluntary, in the sense that it was executed as the free will of the plaintiff, nor was it a gift. Cases relating to such conveyances, therefore, are not in point.

A party who, by means of the confidential relations between the parties, by deceit and imposition obtains property of the other, will be compelled in a proper case by a court of equity to restore the same to the party injured. *Huguenin v. Basely,* 14 Ves., 290. *Taylor v. Taylor,* 8 How., 200. *Blandy v. Kimber,* 24 Beav., 148. *Goddard v. Carlisle,* 9 Price, 169. *Boney v. Hollingsworth,* 23 Ala., 698.

The judgment of the district court is right, and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.