MOORE v. MOORE et al.

(Court of Appeals of District of Columbia. Submitted February 8, 1922. Decided March 6, 1922.)

No. 3607.

Husband and wife ⬅️52—Misconduct of wife held violation of implied condition of conveyance to her jointly with her husband.

Where a husband purchased property intended to be used by him as a home, and had a conveyance made to himself and wife as joint tenants, there was an implied condition of the gift to the wife that she would continue to live with him as his wife, so that her leaving him to live in adultery with another man, as a result of which her husband obtained a divorce, does not entitle her to a division of the property, which she could not have claimed prior to the divorce.

Appeal from the Supreme Court of the District of Columbia.

Suit by Ida F. Moore against Elmer E. Moore and another, for the sale and division of the proceeds of certain real estate held by the

parties as joint tenants. From a decree dismissing the original and supplemental bills, plaintiff appeals. Affirmed.

George A. Maddox, of Washington, D. C., for appellant.

Francis P. Sheehy and Vincent A. Sheehy, both of Washington, D. C., for appellees.

ROBB, Associate Justice. Appeal from a decree in the Supreme Court of the District dismissing appellant's original and supplemental bills for a sale and division of the proceeds of certain real estate in this District, held by the parties as joint tenants.

These parties were married on October 25, 1910. On March 26, 1912, the husband entered into a written contract for the purchase of the property in question, namely, improved lot 108, in square 3535, of Wardman & Bones' Subdivision of Block 10, "Highview," and from the evidence it is apparent that the property was to be used by the couple as a home. On April 25th following the sale was consummated, and a deed made to the husband and wife "as joint tenants." Thereafter this was the home of Mr. and Mrs. Moore until June of 1919, when she abandoned her husband and went to live with a man in Maryland. In January of 1920 the husband filed a petition for divorce in Maryland on the ground of adultery, and in July of the same year the court, after trial, found the wife guilty of adultery as charged in the bill and granted a divorce. On May 25, 1920, the petition herein was filed, and on October 15th following a supplemental petition was filed, setting up the divorce decree.

In his answer to the supplemental bill, which he asked to have considered in the nature of a cross-bill, the husband set forth the conditions surrounding the purchase of this home, and prayed a decree establishing title in him, but he noted no cross-appeal.

This property was purchased as a home for these parties, and was so used until the wife abandoned her husband and went to live with another man. After thus bringing disgrace upon herself and humiliation to her husband, she seeks the aid of a court of equity to drive the husband from his wrecked home or compel him to pay her half its value. Had she remained true to her marriage vows, she could not have maintained such a petition. The real basis of her contention, therefore, is her infidelity, resulting in the decree of divorce. To the contention that the deed is without condition we may answer, as did the court in Evans v. Evans, 118 Ga. 890, 45 S. E. 612, 98 Am. St. Rep. 180:

"That as it would be insulting and indecent to incorporate in a deed of gift a provision making it void if the wife should be guilty of that crime [adultery], the husband must be supposed to have given and the wife to have accepted with the implied condition that the property should not be used for the support of the paramour, or for the maintenance of one who had not only violated the vows under which he had promised to endow her with his worldly goods, but had outraged him as a man, and repudiated him as a husband; that the real consideration of such a conveyance was marriage and the continuance of the married state, which failed when by such an act the relation was rendered intolerable."

In Dickerson v. Dickerson, 24 Neb. 530, 39 N. W. 429, 8 Am. St. Rep. 213, where the wife by importunity had induced the husband to convey to her certain real estate and thereafter abandoned him without cause, it was held that she would not be permitted, under such circumstances, to retain title conveyed at her instance for her support in case of his death. And In re Nellie Lewis, 85 Mich. 340, 48 N. W. 580, 24 Am. St. Rep. 94, although a different point was involved, the court made the following pertinent observation:

"We see no reason in holding that a husband or wife can, by a violation of the marital obligations, obtain an interest in land which she or he does not possess while fulfilling such obligations."

We are of the view, therefore, that when this wife abandoned her husband, to enter into adulterous relations with another man, she violated the implied conditions of the deed making her a joint tenant of the property in question, and disentitled herself to any further interest therein. It follows that the decree must be affirmed, with costs.

Affirmed.