## OSBORNE v. OSBORNE.
### No. 4936.

Court of Appeals of District of Columbia.
Argued March 6, 1930.
Decided April 7, 1930.

Wilton J. Lambert, R. H. Yeatman and Austin F. Canfield, all of Washington, D. C., for appellant.

Wm. C. Ashford and Raymond Neudecker, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice.

This appeal is from a decree dismissing a bill of complaint filed by appellant, plaintiff below, in which he seeks to divest the defendant of her title and interest in certain real estate which was held by plaintiff and defendant in joint tenancy.

It appears that the plaintiff and defendant were married on June 25, 1920; that one child was born as a result of the union; that about January 31, 1924, plaintiff purchased premises 766 Fairmont street, in the city of Washington, for a home, taking a deed to said premises jointly in the name of himself and the defendant, his wife. In connection with the purchase of the property, certain trusts were assumed, on which $70 per month was to be paid until they were discharged. It is alleged that defendant furnished no part of the consideration for the purchase of the property, nor has she made any part of the payments, all of said funds being furnished by the plaintiff from his own earnings.

It further appears that in a suit for divorce, instituted in the Supreme Court of the District of Columbia, plaintiff obtained an absolute divorce against defendant on July 12, 1927, on the charge of adultery. Plaintiff bases the present action on the ground that his sole consideration for having the deed made to himself and defendant jointly was upon the implied condition that defendant would remain faithful to her marital vows, and that the premises should be occupied and used as a home for plaintiff and defendant and their child. He alleges that, by reason of defendant's unfaithful conduct, she violated the condition upon which she became a joint tenant, and the consideration has totally failed. Plaintiff accordingly prays for a decree declaring the defendant a trustee of the title and interest which she now holds in said premises, and that she be ordered to convey to the plaintiff by appropriate deed all her right, title, and interest in the said premises, so as to create a record title in fee simple of the premises in the plaintiff; and for such other relief as the case may require.

The case turns on the single question of whether or not the divorce awarded plaintiff because of the infidelity of the defendant works a forfeiture of her interest in the property, since the husband furnished the consideration for the purchase of the property and has kept up the payments required of him. The facts set forth in the bill are admitted by the motion to dismiss; hence we are relieved from the consideration of any issue growing out of the facts and circumstances connected with this case.

In the case of Moore v. Moore, 51 App. D. C. 304, 278 F. 1017, 1018, the wife sought a partition of property held with her husband in joint tenancy. The husband defended on the ground that he had procured a final decree of divorce from the plaintiff on the charge of adultery. The court below dis-

missed the plaintiff's bill; and on appeal the decree was affirmed by this court. In the course of the opinion we said: "This property was purchased as a home for these parties, and was so used until the wife abandoned her husband and went to live with another man. After thus bringing disgrace upon herself and humiliation to her husband, she seeks the aid of a court of equity to drive the husband from his wrecked home or compel him to pay her half its value. Had she remained true to her marriage vows, she could not have maintained such a petition. The real basis of her contention, therefore, is her infidelity, resulting in the decree of divorce. To the contention that the deed is without condition we may answer, as did the court in Evans v. Evans, 118 Ga. 890, 45 S. E. 612, 98 Am. St. Rep. 180: 'That as it would be insulting and indecent to incorporate in a deed of gift a provision making it void if the wife should be guilty of that crime (adultery), the husband must be supposed to have given and the wife to have accepted with the implied condition that the property should not be used for the support of the paramour, or for the maintenance of one who had not only violated the vows under which he had promised to endow her with his worldly goods, but had outraged him as a man, and repudiated him as a husband; that the real consideration of such a conveyance was marriage and the continuance of the married state, which failed when by such an act the relation was rendered intolerable.' "

Our decision in the Moore Case is sustained by the decisions of many state courts. Brixel v. Brixel, 230 Ill. 441, 82 N. E. 651; Meldrum v. Meldrum, 15 Colo. 478, 24 P. 1083, 11 L. R. A. 65; Evans v. Evans, supra; Dickerson v. Dickerson, 24 Neb. 530, 39 N. W. 429, 8 Am. St. Rep. 213; Brison v. Brison, 75 Cal. 525, 17 P. 689, 691, 7 Am. St. Rep. 189.

In many of the cases involving transactions of this sort between husband and wife, actual fraud is established in that when the grant is made the grantee secured the benefit with the present intention of abandonment and betrayal of the marital vows. In cases where this intention is shown to exist at the time the conveyance is made, courts of equity have little difficulty in readjusting the status of the deceived party's rights on the basis of actual fraud. But equity is not without relief where the conveyance was made in reliance upon the mutual good faith of the parties, and subsequently the grantee becomes unfaithful and thus betrays the confidence reposed which constituted the consideration for the conveyance.

The remedy invoked by the violation of the marital vows in cases of this sort is in the nature of a constructive trust, and the element of actual fraud does not necessarily enter into the case. In other words, in the present case, however good the intentions of the parties may have been when the joint tenancy was created, the subsequent conduct of the wife was such a betrayal of confidence as to give rise to a constructive trust, even though the element of actual fraud was absent in the original transaction. "The plaintiff was induced to make the deed by the confidence which he had in his wife, and the belief thereby engendered that she would perform her promise. But for that he would not have made it. The betrayal of such confidence is constructively fraudulent, and gives rise to a constructive trust. This is independent of any element of actual fraud." Brison v. Brison, supra.

That the acts of infidelity occur subsequent to the conveyance of the property is of no importance. The consideration for the conveyance is based not only upon the present but the future fidelity of the grantee. Nor is it material whether the conveyance is procured by the importunity of the grantee, or through the faith which the grantor has in the fidelity of the grantee. The condition is that the state of fidelity and faithfulness is not only present, but that it will continue as long as the marital relation exists.

Counsel for defendant have cited a number of cases which seem to be based upon the theory that acts occurring subsequent to the conveyance amount merely to defeat the belief or expectation entertained at the time of the conveyance, and as such do not afford a basis for compelling a conveyance. Some of these cases involve postnuptial deeds of settlement, where, subsequent to the execution of the deed, the plaintiff had obtained an absolute divorce from his wife. In others, deeds of separation were involved, where the courts held that, the consideration being the separation of the parties and the breaking of the marital relation, the deed would not be vacated on the ground of subsequent adultery. Other cases are based upon a separation deed providing for the payment of support; and these are held unaffected by a subsequent divorce in favor of the husband; but a review of the authorities convinces us that the rule announced in the

Moore Case, and in the many cases sustaining it, is the equitable one, and the rule obtaining in this District and to which we will adhere.

It is objected on the part of counsel for defendant that to compel a reconveyance of the property to plaintiff would not relieve the defendant from possible liability upon the outstanding trusts. Inasmuch as the prayer seeks general equitable relief, this contingency can be disposed of without difficulty. The court in its decree can require the plaintiff to execute a bond to hold the defendant free from any liability arising through his failure to discharge the deeds of trust, which will protect her until the trusts are discharged either by payment in full or by a process of refinancing by the plaintiff.

The decree is reversed, with costs, and the cause is remanded for further proceedings not inconsistent with this opinion.