[Civ. No. 8397. First Appellate District, Division Two.—April 1, 1932.]

ABE NEWMAN, Respondent, v. LILLIAN NEWMAN, Appellant.

Joseph F. O'Malley for Appellant.

Roland Becsey and W. P. Caubu for Respondent.

STURTEVANT, J.—The plaintiff was awarded an interlocutory decree of divorce from the defendant and she has appealed and has brought up a typewritten record. The transcript discloses that the plaintiff and defendant married on the nineteenth day of August, 1927. Prior to that date the defendant had been married and had four children. She and her children were residing at 1366 Noe Street in San Francisco. After his marriage the plaintiff took up his residence in the home of his wife. Some trouble arose regarding the inability of the husband to get along with his stepchildren. For that reason, on January 23, 1928, he left the home. He remained away until the date of the defendant's birthday in the month of February—one month more or less. On that date he returned to congratulate his wife on her birthday and to present her with a gift of fifty dollars. It was about lunch time and they had their luncheon. During that same year he returned on two or three other occasions— the last one being in August. The plaintiff testified that when he called in February he asked his wife if they "couldn't patch things up and go back together". He further testified that in that conversation he and his wife talked about where they might live outside of the place they had formerly lived and that he was willing to buy a home at Ingleside terrace and take the whole family out there. Continuing he testified, " 'No,' she says, 'it's to choose between you and my children, it wouldn't do any good, I wouldn't be satisfied there', she says she rather not, she preferred to stay with the children." The wife testified to the same facts but claimed that the conversation about a reconciliation did not occur in the February meeting but did occur at another meeting. Furthermore she testified: "Mr. Newman wanted to come back then and I told him his disposition was bad and I said I knew we couldn't get along with his disposition, it was awful hard and he hesitated a minute and he says, 'I can't help my disposition,' and he got up and walked out. He walked out gruffly." As may have appeared from what has been said above, it was the theory of the plaintiff that,

although he deserted the defendant, when he returned within a month and offered in good faith to fulfill the marriage contract and solicited condonation, his desertion was cured and that the separation thereafter constituted desertion on the part of the defendant.

■ The defendant claims that the facts do not show that the plaintiff solicited condonation. (*Kusel* v. *Kusel,* 147 Cal. 52 [81 Pac. 297].) The facts of the cited case are quite different from the facts in the instant case and we think it is not controlling. There was nothing in the record showing that the plaintiff did not make his offer in good faith to fulfill the marriage contract. As to soliciting condonation, the most that can be said is that the evidence contained some conflict, but that conflict was addressed to the trial court and not a court of review. The facts recited above made at least a *prima facie* showing on the issue of condonation. (*McMullin* v. *McMullin,* 123 Cal. 653, 656 [56 Pac. 554].)

■ It is claimed that the record does not contain sufficient evidence of corroboration. The defendant asserts that a divorce may not rest on the testimony of the parties, but that there must be corroboration. Admitting the contention, it will suffice to say in the instant case the record contains such corroboration. After the plaintiff left the home in January, 1928, he and the defendant lived separate and apart. Both the husband and the wife testified to those facts. Mr. Stewart, a witness called in behalf of the plaintiff, testified at the date of the trial, November 12, 1929, that he and the plaintiff lived at the same hotel. Continuing he testified that from February, 1928, down to the date of the trial, Mrs. Newman was not living at the hotel with her husband. Therefore it cannot be said that there was not some corroboration.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.