[Civ. No. 8672. First Appellate District, Division Two.—March 21, 1933.]

PHILIP ALBERT, Respondent, v. ROSE ALBERT, Appellant.

Harry G. Sadicoff for Appellant.

466

Nathan O. Freedman and A. Wm. Christlieb for Respondent.

DOOLING, J., *pro tem.*—In this appeal from an interlocutory decree of divorce granted on the ground of defendant's wilful desertion, two points are urged for reversal: 1. That there was no proof of the jurisdictional facts of plaintiff's residence in the state and the county in which the action was commenced and, 2. That there was not sufficient corroboration of plaintiff's evidence of defendant's desertion.

The jurisdictional facts of plaintiff's residence were alleged in the complaint and these allegations were not denied in the answer. This, under the settled rule, did not dispense with proof of these allegations, but it did lend color to respondent's claim in this court that the failure to offer more definite proof on the subject than appeared in the record was due to respondent's oversight. Respondent made a motion to take additional testimony in support of the finding of residence which this court granted. (Code Civ. Proc., sec. 956a.) This evidence is now before us and shows without conflict that respondent was a resident of the state of California and the county of San Bernardino at the time this action was commenced by him in that county and for many years continuously prior thereto.

Appellant's claim that there was not sufficient corroboration of the fact of appellant's desertion requires a consideration of the evidence offered by respondent on that subject. Preliminary to that examination it is proper to state that the evidence on that subject was sharply in conflict, the proof offered by appellant being amply sufficient, if believed by the trial court, to establish the fact that respondent deserted appellant by refusing to permit her to return to his home after she had paid a visit to her brother. With such conflict this court cannot concern itself. "Appellate courts are powerless to interfere with the findings of fact where the evidence is conflicting. This rule applies to divorce cases as well as to any other with the single exception that before a divorce can be granted the testimony of the plaintiff must be corroborated." (*Percy* v. *Percy,* 188 Cal. 765, 767 [207 Pac. 369].) We shall accord-

ingly confine our consideration to the evidence presented by respondent, and to the sole question whether sufficient corroboration is found therein of the finding that appellant was guilty of wilful desertion.

It appears from such evidence, amply corroborated, that at the time of the inception of the claimed desertion the parties were living in the home of respondent's parents in Redlands; that on October 21, 1928, appellant left this home with Florence Albert, a sister of respondent, to go to Los Angeles to visit appellant's brother there; that the two women went in Florence Albert's automobile and appellant took with her two suitcases and a box, saying that she was taking some of her clothes to Los Angeles to have them cleaned; that at the time of her departure appellant stated to respondent that she intended to return with Florence Albert in her automobile the following Thursday; and that on Thursday Florence Albert returned from Los Angeles without appellant and that appellant never thereafter came back to the home of her husband.

A maid who was at that time working at the home in which appellant and respondent were living testified that within an hour after appellant left for Los Angeles she discovered that all of appellant's personal belongings, consisting of clothes and household linens, had been taken away. Respondent's mother and sister testified that at a somewhat later time they searched appellant's room and likewise found that all of her personal belongings were gone. Respondent testified that on the Saturday after his sister returned from Los Angeles he telephoned to appellant and asked her when she intended to return and that she promised to come home the following Monday. In this he was corroborated by his mother to the extent that the mother testified that she was present on the Saturday when respondent telephoned to appellant and that she heard respondent ask appellant over the telephone why she had not returned with Florence. Respondent testified, without any direct corroboration, that on the succeeding Friday he again telephoned to appellant and at that time she told him that she would never return to him. Florence Albert testified that on the Wednesday before she returned from Los Angeles she telephoned to appellant and that appellant told her she was

not ready to go home the next day. There was some other incidental testimony not necessary to relate.

From this evidence we are satisfied that the court was justified in finding that when appellant left with Florence Albert she did so with the intention not to return and that the ensuing separation was not with the consent of respondent.

The testimony that appellant took with her two suitcases and a box when she went to Los Angeles with Florence Albert and that shortly thereafter it was discovered that none of her personal effects remained in the house would justify the trial court in finding that when she left she took with her all of her personal property, and this fact, coupled with her failure to return, would properly support an inference that when she left she had formed an intention not to return. In these facts is found sufficient corroboration of respondent's testimony that appellant over the telephone at a later date flatly refused to return to him.

The fact that respondent consented to appellant's making the trip to Los Angeles did not amount to an agreement for a separation since he could not have been aware at that time of her secret intention not to return, and his telephoning her a week later in the presence of his mother furnishes evidence with corroboration that at that time he wished her to come back and was not aware that she did not intend to do so.

Some appearance of color is lent to appellant's claim that corroboration of respondent's case is lacking by the fact that appellant's testimony and that of her witnesses is contradicted directly only by the testimony of respondent. But rebuttal testimony is not required to be corroborated in divorce proceedings, the requirement being satisfied if there is sufficient corroboration of the plaintiff's case in chief. In other words if plaintiff's evidence at the close of his case in chief would support a decree granting him a divorce if defendant failed to introduce any evidence, it will support a decree, if believed, even though evidence is introduced by defendant which, if believed, would lead to a contrary conclusion.

The decree appealed from is affirmed.

Sturtevant, Acting, P. J., concurred.