## RICHARDSON v. RICHARDSON.

### No. 7330.

United States Court of Appeals for the District of Columbia.

Decided March 18, 1940.

———◆———

Ernest C. Dickson and B. Rhoden Coward, both of Washington, D. C., for appellant.

Wm. A. Coombe and James R. Kirkland, both of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

VINSON, Associate Justice.

This is an appeal from a decree of the District Court granting Douglas C. Richardson, the plaintiff, a divorce a vinculo from Florence W. Richardson, the defendant, on the ground of desertion, and declaring him sole owner of certain real and personal property.

The parties were married in the District of Columbia on October 22, 1917, and, save for his absence during the World War, they have both resided here since that time. Following his discharge from the army, the plaintiff has been continuously employed in the postal service here. After their marriage the defendant had intermittent employment until, in 1923, she received a permanent position with the Government Printing Office, where she now works. A joint checking account was established for the parties by the plaintiff shortly after their marriage.

In the summer of 1919, the plaintiff arranged to purchase a house. A conveyance of the premises was made to both parties as joint tenants on August 16, 1919, and they gave their notes for the balance of the purchase price, secured by deeds of trust. It appears that the property has now been entirely paid for.

This marriage was beset with difficulties in the middle twenties. The plaintiff charges that his wife's interest was transferred to other men, while the defendant charges that her husband was cruel and abusive toward her. In any event, the defendant left the plaintiff permanently in September, 1931.

On November 30, 1936, the plaintiff filed suit for divorce, under the Act of August 7, 1935, on the ground of desertion, and prayed also that he be declared the sole owner of the real estate previously described. The defendant filed an answer and crossbill denying in part the allegations of the plaintiff's bill, and praying for a decree granting her a divorce a vinculo on the ground of constructive desertion, or a mensa et thoro on the ground of cruelty, and declaring her owner of a half interest in their joint property. After trial of the action, the District Court entered a decree granting the plaintiff a divorce a vinculo and declaring him sole owner of the real estate and bank deposit previously described. From that decree the defendant here appeals, making numerous assignments of error, which we now consider. These assignments of error relate to: (1) retrospective application of the 1935 Divorce Act; (2) the sufficiency of the evidence supporting the court's decree; (3) certain rulings on the admission and exclusion of evidence; and (4) the denial of a petition for rehearing on the ground of newly discovered evidence.

1. Retrospective application of the 1935 Divorce Act.

■ Prior to the Act of August 7, 1935,[1] an absolute divorce in the District of Columbia could be obtained only on the ground of adultery.[2] That act, however, liberalized the divorce law and provided that "a divorce from the bond of marriage * * * may be granted for [among other grounds] * * * desertion for *two years* * * *". (Italics supplied.)[3] The defendant left the plaintiff and the common home in 1931 and this action was instituted just one year and three months after passage of the Act of August 7, 1935. The defendant argues that the act should not be applied retrospectively so as to recognize a period of desertion antedating its passage as ground for divorce.

This same contention was made and conclusively disposed of in Tipping v. Tipping, 65 App.D.C. 222, 82 F.2d 828, wherein this court held that the act was to be given retrospective application as regards the grounds for divorce.

■ The decree in this action affects not only the marital status, however, but certain property rights as well. Section 3 of the 1935 Act provides in part as follows: "Upon the entry of a final decree * * * all property rights of the parties in joint tenancy or tenancy by the entirety shall stand dissolved and the court, in the same proceeding in which such decree is entered, shall have power and jurisdiction to award such property to the one lawfully entitled thereto or to apportion the same in such manner as shall seem equitable, just, and reasonable."[4] Pursuant thereto, the District Court awarded to the plaintiff the property in dispute. The defendant contends that this application of the statute divests her of a property interest in violation of the Fifth Amendment.

---

[1] 49 Stat. 539, D.C.Code, Supp. V., Title 14, § 61 et seq.

[2] D.C.Code (1929) Title 14, § 63.

[3] D.C.Code, Supp. V., Title 14, § 63.

[4] Id. § 69a.

In this contention, however, there is a basic fallacy—the interest of the defendant in the property was not vested as against this type of divestiture. Entirely apart from statute, this court has held that equity will enforce a constructive trust in favor of one spouse against property interests conveyed without financial consideration to the other, on an implied condition broken that the marriage vows will be fulfilled.[5] This action was tried on the theory that the plaintiff's right to a decree declaring him sole owner of the real and personal property involved depended on whether the defendant had contributed thereto. Conflicting testimony was adduced by the parties on this issue. On this record, the decree of the District Court awarding the property to the plaintiff must be regarded as a finding that no such contribution was made. When property is conveyed to one spouse under the circumstances of this case without financial consideration, we have said the consideration or condition underlying the conveyance is the faithful performance of the marriage vows.[6] The defendant, by deserting her husband, breached that condition and under the former equity practice the plaintiff, in an independent action, might have secured a divestiture of the defendant's interests in the property. Provision by statute that the same result may now be achieved in the divorce action is merely a procedural change not affecting the substantive rights of the defendant. There is no merit in the objection raised to full application of the Act of August 7, 1935, to this action.

2. The sufficiency of the evidence supporting the court's decree.

▮ Two factual issues were presented to the court in this action. The first concerned the character of the defendant's exodus from the common home—was it desertion or departure necessitated by cruel treatment? The second was the question whether the defendant contributed directly or indirectly to the bank account or the purchase of the home. Conflicting testimony was adduced on each issue and the court found against the defendant on both. The character of the evidence adduced, as shown by the record, was such that the District Court's determination was entirely proper. Certainly it cannot be said that it was unwarranted, or an abuse of the broad measure of discretion accorded in equity actions where the evidence is conflicting.[7]

The defendant raises yet another point, however, in connection with the evidence supporting the court's determination. Authorities are cited for the proposition that corroboration of the plaintiff's testimony is essential to sustain a charge of desertion in an action for divorce brought on

---

[5] Osborne v. Osborne, 59 App.D.C. 288, 40 F.2d 800; Moore v. Moore, 51 App.D.C. 304, 278 F. 1017. Cf. Brixel v. Brixel, 230 Ill. 441, 82 N.E. 651.

[6] "To the contention that the deed is without condition we may answer, as did the court in Evans v. Evans, 118 Ga. 890, 45 S.E. 612, 98 Am.St.Rep. 180: ' * * * that the real consideration of such a conveyance was marriage and the continuance of the married state', * * *.

"We are of the view, therefore, that when this wife abandoned her husband, to enter into adulterous relations with another man, she violated the implied conditions of the deed making her a joint tenant of the property in question, and disentitled herself to any further interest therein." Moore v. Moore, 51 App. D.C. 304, 305, 278 F. 1017, 1018.

"That the acts of infidelity occur subsequent to the conveyance of the property is of no importance. The consideration for the conveyance is based not only upon the present but the future fidelity of the grantee. Nor is it material whether the conveyance is procured by the importunity of the grantee, or through the faith which the grantor has in the fidelity of the grantee. The condition is that the state of fidelity and faithfulness is not only present, but that it will continue as long as the marital relation exists". Osborne v. Osborne, 59 App.D.C. 288, 289, 40 F.2d 800, 801.

Although in each of these cases the manner in which the wife breached her marital obligations was the commission of adultery, not charged here, the basis for both decisions was the broad proposition that the wife's interest in the property was impliedly conditioned on her performance of the marriage vows. Thus the manner in which the condition is breached is of no moment.

[7] Cf. Hotel Lafayette v. Pickford, 66 App.D.C. 211, 85 F.2d 710; Snow v. Snow, 50 App.D.C. 242, 244, 270 F. 364; Cole v. Cole, 52 App.D.C. 302, 286 F. 764.

that ground. Assuming, without deciding, that is the rule,[8] it must be remembered that the reason usually given therefor is to prevent judgment of divorce in collusive actions. Where, as here, the action is contested and no collusion appears, the corroboration, if required, need not be great. We are of the opinion that the plaintiff's testimony, that the defendant became interested in other men and finally deserted him, was sufficiently corroborated, within the meaning of the rule,[9] by the testimony of Mrs. Mitchell, the wife of one of the men in whom the defendant was alleged to have become interested, and the testimony of two men concerning the removal by the defendant of the home's furniture at the time of her departure.

3. Rulings on the admission and exclusion of evidence.

Testimony for the plaintiff was introduced to show that on the very day, or the day after, the defendant left him, he tried to see her at her new address. This testimony was relevant to show that the separation should be credited to the defendant. The plaintiff testified further, over defendant's objection, that when the defendant opened her door, he saw inside one Fletcher, in whose company he had seen her prior to the separation. This latter testimony obviously supported the plaintiff's theory that the defendant's interest in other men led her to desert him. It was, therefore, relevant to the issues formed and admissible in evidence.

The admission of this evidence with inferences unfavorable to the character of the defendant brought an attempted retaliation. Testimony was offered by the defendant concerning questionable conduct on the part of the plaintiff some two years after the separation, which evidence was excluded by the court on objection by the plaintiff. That testimony was properly excluded for it was not relevant to any issues raised by the pleadings, was remote in standpoint of time from the separation, and would have injected a collateral issue into the case. The right asserted by the defendant to introduce evidence in refutation of that of the opposing party, was not involved—the defendant was entitled, of course, to refute the plaintiff's testimony concerning the character of her departure and her relationship with Fletcher. She exercised that prerogative.

Since we may consider on appeal only those rulings on the admissibility of evidence to which objection has been made in the trial court, we cannot review the admission in evidence of testimony by Mrs. Mitchell, to which no objection was made, concerning a telephone conversation allegedly had with the defendant concerning the latter's relations with Mr. Mitchell.

4. The denial of the petition for rehearing on the ground of newly discovered evidence.

The principal evidence, allegedly newly discovered, was a letter written by

---

[8] The defendant cites decisions from New Jersey, Maryland, and Massachusetts in support of the proposition that corroboration is required.

In New Jersey that does appear to be a court-made rule of evidence in divorce proceedings. Kline v. Kline, N.J.Ch., 61 A. 1060. In Maryland, however, as in most states where corroboration is required, the rule is the creature of statute. Appel v. Appel, 162 Md. 5, 158 A. 65. In Massachusetts and in a number of other states where no statute requires it, corroboration of the plaintiff's testimony is not essential. Robbins v. Robbins, 100 Mass. 150, 97 Am.Dec. 91; Meader v. Meader, 252 Mass. 132, 147 N. E. 578; Tinnon v. Tinnon, Tex.Civ.App., 278 S.W. 288; Wittenberg v. Wittenberg, 56 Nev. 442, 55 P.2d 619; Brookhouse v. Brookhouse, 286 Mich. 151, 281 N.W. 573; Babcock v. Babcock, 117 Conn. 310, 167 A. 815 (no corroboration required in contested cases). Cf. Shellman v. Shellman, 68 App.D.C. 197, 198, 95 F.2d 108.

Title 14, § 79 of the D.C.Code (1929) provides as follows: "No decree for a divorce, or decree annulling a marriage, shall be rendered on default, without proof; nor shall any admission contained in the answer of the defendant be taken as proof of the facts charged as the ground of the application, but the same shall, in all cases, be proved by other evidence." This section of the code is clearly not a "corroboration" statute.

[9] Cf. Olson v. Olson, 47 Idaho 374, 276 P. 34; Newman v. Newman, 122 Cal.App. 298, 9 P.2d 894; Albert v. Albert, 130 Cal.App. 465, 20 P.2d 116; Haskell v. Haskell, 99 N.J.Eq. 399, 131 A. 876; Demarco v. Demarco, 159 Md. 699, 150 A. 281.

the plaintiff to the defendant on the occasion of a temporary separation in 1930. The letter was postmarked July 27, 1930, and subsequently thereto, the defendant returned to the plaintiff and remained with him until the final separation of September, 1931.

The defendant testified very accurately at the trial concerning the contents of this letter and there is nothing in the record to show that this testimony was discredited.

In view of this, introduction of the letter in evidence would have added but little. Hence, we cannot say that the District Court, in denying the petition for rehearing on the ground of newly discovered evidence, abused its discretion.

We have examined the other assignments of error and find them without merit. The decree of the District Court, therefore, must be affirmed.

Affirmed.