822

## BOWLES v. WRAY et al.
### Civ. No. 12121.

District Court of the United States for the District of Columbia.

June 1, 1942.

Louise Dalby Meigs, of Washington, D. C., for plaintiff.

Henry P. Blair of Washington, D. C., for defendant.

ADKINS, Justice.

1. Plaintiff and defendant (then Edna Stahl) were married October 11, 1913.

2. Said defendant obtained a divorce from plaintiff in Arlington County, Virginia, November 1, 1927.

3. On February 20, 1914 plaintiff's father conveyed premises 2570 University Place, Washington, D. C., to a brother of plaintiff in trust to hold the same for the father's use during his life and after his death to convey the same to plaintiff and his then wife, defendant Edna Wray, as joint tenants. Such a conveyance was made on October 18, 1916.

4. The parties separated in the summer of 1920. On August 12, 1920 the parties entered into a formal written agreement, duly acknowledged before a notary public, copy of which is Exhibit "D" to the complaint and is made part hereof by reference.

In this agreement, after reciting that divers disputes and unhappy differences had arisen between the parties and that the husband desired to furnish the wife with a comfortable home, the husband covenanted and agreed to allow the wife to use, occupy, manage and control the property hereinbefore described for the term of 99 years, or so long as she should live, with the sole right to rent, lease or sublet the property and to collect the rents, revenues and moneys derived therefrom for her sole and separate use.

5. Defendant Edna Wray on January 1, 1941 entered into a marriage with defendant Joseph Gibbons Wray.

6. The validity of the marriage of the two defendants is not questioned. There is no evidence showing conduct on the part of defendant Edna Wray which would in any way justify termination of the agreement beforementioned.

### Conclusions of Law

1. The effect of the agreement was to give plaintiff's then wife a life estate in the property involved.

2. The subsequent divorce obtained ended the marriage and converted the tenancy by the entirety into a tenancy in common. Meyers v. East End Loan & Savings Ass'n, 139 Md. 607, 612, 116 A. 453, 455.

3. The agreement of August 12, 1920 is valid and subsisting and not affected by the various claims of plaintiff. The parties hold the property as tenants in

common, subject to the life estate of defendant Edna Stahl Bowles Wray.

4. Defendants are entitled to a summary judgment in accordance herewith.