## MARSHALL v. MARSHALL.
### No. 9230.

United States Court of Appeals
District of Columbia.

On Petition for Rehearing
Jan. 20, 1947.

Mr. John J. O'Brien, of Washington, D. C., for appellant.

Mr. George E. C. Hayes, of Washington, D. C., with whom Mr. Benjamin Rhoden Coward, of Washington, D. C., was on the brief, for appellee.

Before GRONER, Chief Justice, and EDGERTON and WILBUR K. MILLER, Associate Justices.

WILBUR K. MILLER, Associate Justice.

The District Court of the United States for the District of Columbia granted to James M. Marshall an absolute divorce from his wife, Wilda Marshall, on the ground of adultery. Certain real estate held by the parties as tenants by the entirety was ordered sold so the proceeds might be equally divided, and from that part of the judgment Marshall appeals.

In his complaint, the husband alleged that the real estate in question was conveyed to him before marriage and was paid for entirely by him, and that after the marriage he caused the property to be conveyed to himself and his wife in tenancy by the entirety. Relying on the cases of Moore v. Moore, 51 App.D.C. 304, 278 F. 1017, Osborne v. Osborne, 59 App.D.C. 288, 40 F.2d 800, and Richardson v. Richardson, 72 App. D.C. 67, 112 F.2d 19, he urges that by her infidelity his wife had forfeited any right, title or interest in the property standing in their joint names which had been purchased and paid for by him alone. The legal principle contended for by the appellant is well settled in this jurisdiction, as he points out, and was reaffirmed by us in Oxley v. Oxley, App.D.C., 159 F.2d 10. But the principle applies only when it fits the factual situation.

In this case the wife answered and alleged that, although the property in question was purchased prior to the marriage, she contributed the initial payment of $300.00 with the understanding that the title would be taken in both names, as they intended to be married soon thereafter. She alleged also that she had spent more than $3,000.00 in acquiring, maintaining and improving the house. The husband's act in taking the title in his own name was in violation of the agreement, she said, and it was at her insistence upon compliance that he later had a deed made to both as tenants by the entirety. At the hearing, the wife testified in support of the allegations of her answer and there was no evidence to the contrary so far as the record filed here showed.

On this record, we affirmed the judgment of the lower court.

We are now confronted with a petition for rehearing based upon the ground that there was evidence offered at the trial below showing that the wife had never made any contribution to payments on the property, and counsel have now furnished us with a copy of the transcript, which was not made part of the record on

appeal, and which, if true, would require a reversal of the judgment of the lower court. We cannot pass upon the weight to be given this evidence without a finding by the trial court, and our conclusion accordingly is that our previous opinion and judgment herein should be vacated, and that the case be remanded to the court below to consider this evidence and such additional evidence as the parties, respectively, may offer, and to make a finding of fact on the single question whether the wife made any substantial contribution to the purchase of the property, and, if so, the amount thereof, and upon such finding to enter such judgment as the facts and the law of the case may require, with a right to the aggrieved party to appeal to this court. The case is accordingly so remanded.

Remanded.