## BILSBOROUGH v. BILSBOROUGH.
### No. 9395.

United States Court of Appeals
District of Columbia.

Argued March 11, 1947.

Decided April 7, 1947.

Mr. William B. O'Connell, of Washington, D. C., for appellant.

Mr. Albert Brick, of Washington, D. C., for appellee.

Before GRONER, Chief Justice and CLARK and PRETTYMAN, Associate Justices.

CLARK, Associate Justice.

Appellee, Mary E. Bilsborough, was awarded an absolute divorce from appel-

934

lant, Robert Bilsborough, by the District Court of the United States for the District of Columbia. This appeal is from that portion of the decree directing a division of property held by the parties as tenants by the entirety pursuant to Title 16, Sec. 409, of the District of Columbia Code 1940.[1]

The court awarded the real property in question to appellee after having found that she purchased the property from the proceeds of the sale of a lot and premises, title to which was in her name and which she had previously purchased out of her own funds. The evidence is more than sufficient to support the court's findings. There was accordingly no abuse of discretion in making the award to appellee.[2]

Affirmed.

---

[1] "Upon the entry of a final decree of annulment or divorce a vinculo, in the absence of a valid antenuptial or postnuptial agreement in relation thereto, all property rights of the parties in joint tenancy or tenancy by the entirety shall stand dissolved and the court, in the same proceeding in which such decree is entered, shall have power and jurisdiction to award such property to the one lawfully entitled thereto or to apportion the same in such manner as shall seem equitable, just and reasonable."

[2] Oxley v. Oxley, 81 U.S.App.D.C. ——, 159 F.2d 10; Richardson v. Richardson, 72 App.D.C. 67, 112 F.2d 19.