## SCHOLL v. SCHOLL.

### Civil Action No. 29532.

District Court of the United States for the District of Columbia.

June 25, 1947.

Arthur Lambert and Benjamin L. Tepper, both of Washington, D. C., for plaintiff.

Jack Politz and Jacob N. Halper, both of Washington, D. C., for defendant.

McGUIRE, Justice.

This is a complaint for partition of property known as premises 4722-47th Street, N. W., Washington, D. C.

The pertinent facts are, briefly, as follows:

Plaintiff and defendant were formerly husband and wife; they were married January 14, 1927, and lived together in that status until September 1937; in 1931 they purchased the premises located at 4722 47th Street, N. W., in this city and within the jurisdiction of this court; title was taken in their names as tenants by the entireties. It appears that both parties obligated themselves and are still obligated for the balance due on a first trust. One child was born as a result of their union.

In 1937 the parties separated but the plaintiff continued to reside in the premises until sometime in 1940. She then established a residence in the State of Florida. Subsequently, early in 1941, she filed suit for an absolute divorce in said State, against the defendant, on the grounds of extreme cruelty and on Febru-

ary 12, 1941, she obtained a decree in her favor and was also awarded custody and control of the minor child of the parties—this latter, however, has no direct bearing on this proceeding.

The immediate question with which we are confronted is whether or not Section 16—409 of the D.C. Code, 1940 Edition, applies in this proceeding, or whether the applicable statute is Section 16—1301 of the same Code.

I conclude as a matter of law that Section 16—409, by its very terms, has no applicability herein, but that the rights of the parties are to be resolved under Section 16—1301 of the D. C. Code, 1940 Ed.

■■ The original tenancy was that of entireties, its peculiar essence being that it is a species of joint tenancy peculiar to the relationship of husband and wife and which can be created only by a conveyance to them during coverture. Once it is created, the husband and wife each have a concurrent interest in the whole, or, as it has been expressed, they could not hold the estate "by moieties as joint tenants per tout et per my, but both were seised of the entirety, per tout et non per my." Fairclaw v. Forrest, 76 U.S.App.D.C. 197, 200, 130 F.2d 829, 832, 143 A.L.R. 1154.

■ It follows, therefore, that when the marriage relationship was dissolved at the suit of the wife, by the Florida Court, full faith and credit being given that judgment by this Court, the estate of which the individuals were seised, on the date of that decree—the unity which gave it its essential character being thus abrogated by operation of law—it became a tenancy in common, and, therefore, the complaint is and must be treated as one between such tenants, and this by the great weight of authority. See Meyers v. East End Loan & Savings Association, 139 Md. 607, 612, 116 A. 453; Bowles v. Bowles, D.C., 72 F.Supp. 822, an opinion by Mr. Justice Adkins following the Meyers case.

Oxley v. Oxley, App.D.C., 159 F.2d 10, 12, cited by the defendant, can be distinguished. That was a proceeding for divorce *in this jurisdiction* and there the Court reversed the trial court upon its refusal to award to Oxley the ownership of the house, holding that when title to real estate is taken jointly in the names of husband and wife, the husband furnishing all the consideration, it is well settled that the inclusion of the wife is supported by no consideration except her faithful observance of the marriage vows as long as the marital status subsists. Her promise to do so is an implied covenant in the deed and her subsequent wrongful breach of the vows causes a failure of the continuing consideration and works a forfeiture of the property right conferred on her by the deed. The Court further stated:

"While the District Court has the right and duty under the statute (16—409, D.C. Code, 1940 Ed.), as indeed it had even before its enactment, to exercise a sound judicial discretion in adjusting the property rights of the parties, it is an abuse of discretion to fail to award to the husband the ownership of property when, as here, *the wife furnished no part of the money necessary to acquire the property and has completely forfeited her interest in it by her failure to live up to the marriage covenants.*" Italics supplied.

In this case the wife did, according to her answers to the interrogatories propounded, furnish some of the money necessary to acquire the property, but further, and more important, the Florida decree, to which full faith and credit must be given, completely concludes any question as to "her failure to live up to the marriage covenants."

Indeed, as our appellate tribunal has further said in the case of Marshall v. Marshall, App.D.C., 160 F.2d 6, decided the same day as the Oxley case, supra, that the Oxley case applies "only when it fits the factual situation."

The Court is aware of the fact that in a previous action between the parties (Scholl v. Scholl, 80 U.S.App.D.C. 292, 294, 152 F.2d 672, 674), the trial court found "* * * the plaintiff has conclusively proven to the court that he was the sole purchaser of the said property and the plaintiff placed the property in the name of Mrs. Scholl and himself by reason of their marital relationship, but there was no other consideration for placing the property in both names, * * *" but the

Court does not agree with the legal inference to be drawn from such a finding. Since the decision of the trial court did not turn on it, it had no materiality and, as a consequence, since the appellate court ignored it for the same obvious reason, it cannot be regarded as res judicata.

I conclude, therefore, that the rule as laid down in the Meyers case, supra, applies and that as of date of the decree of divorce the parties became tenants in common and were equally bound by the terms of the contract of purchase and equally liable on the trust, so that, therefore, the wife is entitled to one half of the net value of the estate as of that date, less any monies that either has paid on the property for the benefit of the other since the date of the last accounting.