Marie **SCHULTZE**, Appellant.

v.

George H. **SCHULTZE**, Appellee.

No. 16545.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 7, 1961.

Decided March 15, 1962.

Mr. Martin E. Gerel, Washington, D. C. (appointed by this court) for appellant.

Mr. Daniel A. Rezneck, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Nathan J. Paulson and Joel D. Blackwell, Asst. U. S. Attys., were on the brief, for appellee. Messrs. Charles T. Duncan, Principal Asst. U. S. Atty., Abbott A. Leban and Donald S. Smith, Asst. U. S. Attys., also entered appearances for appellee.

Before BAZELON, WASHINGTON and BURGER, Circuit Judges.

Mr. Malvern J. Sheffield, Jr., Washington, D. C., with whom Mr. Benjamin H. Dorsey, Washington, D. C., was on the brief, for appellant.

Mr. Francis W. Hill, Washington, D. C., for appellee.

Before WILBUR K. MILLER, Chief Judge, and DANAHER and BASTIAN, Circuit Judges.

WILBUR K. MILLER, Chief Judge.

On January 27, 1955, Marie Schultze filed a complaint in the United States District Court for the District of Columbia against George H. Schultze, who was then her husband, seeking an accounting of the rents and profits of certain realty owned by them as tenants by the entirety for the preceding three-year period. After answer and cross-claim, the action was stayed "pending disposition of suit pending in Circuit Court of Montgomery County, Md., or until further order of Court" and was later dismissed; the action and cross-action were reinstated, however, on February 19, 1960.

March 22, 1960, George was granted an absolute divorce from Marie on the ground of adultery, in a suit which he had filed in the Circuit Court of Montgomery County, Maryland, in 1956.

October 12, 1960, Marie filed an amended complaint in the reinstated 1955 suit in which she sought a partition of the realty described in the original complaint, and also an accounting from her former husband for the rents during the period from January 27, 1952, to September 30, 1960. George's answer pleaded as res judicata an order of the Circuit Court of Montgomery County dismissing a suit for maintenance filed by Marie in 1951, and also the judgment of divorce entered by that court March 22, 1960. The answer alleged that George owned the realty prior to the marriage on January 15, 1930, that he thereafter caused it to be conveyed to both as tenants by the entirety solely upon the consideration of Marie's promises contained in the marriage vows. By her adulterous conduct declared in the Maryland divorce decree, the answer alleged, she had forfeited all rights in and to the realty.

George prayed for a decree divesting his former wife of any rights in or to the property and directing that full title be conveyed to him; and that in any accounting ordered he be given credit for all sums paid to Marie during the pendency of this suit and the related Maryland actions.

After taking proof, the District Court filed extensive findings of fact from which it concluded (a) that Marie had received substantially more than one-half of the net rents, and so was not entitled to recover any part thereof in this action, and (b) that by her adultery, Marie had forfeited her right to any interest in the realty and that full title should be conveyed to George. A decree giving effect to those findings was entered June 22, 1961, from which Marie has appealed.

We said in Oxley v. Oxley, 81 U.S.App. D.C. 346, 347, 159 F.2d 10, 11 (1946):

"* * * When title to real estate is taken jointly in the names of husband and wife, the husband furnishing all the consideration, it is well settled that the inclusion of the wife is supported by no consideration except her faithful observance of the marriage vows as long as the marital status subsists. Her promise to do so is an implied covenant in the deed, and a subsequent wrongful breach of the vows causes a failure of the continuing consideration and works a forfeiture of the property right conferred on her by the deed. This principle, which was enunciated by this court in Moore v. Moore, 51 App.D.C. 304, 278 F. 1017, and Osborne v. Osborne, 59 App.D.C. 288, 40 F.2d 800, was not changed by the enactment of Title 16, § 409, of the District of Columbia Code (1940), as was specifically pointed out in Richardson v. Richardson, 72 App. D.C. 67, 112 F.2d 19. There we observed that the code provision adopted in 1935 merely worked a pro-

cedural change. While the District Court has the right and duty under the statute, as indeed it had even before its enactment, to exercise a sound judicial discretion in adjusting the property rights of the parties, it is an abuse of discretion to fail to award to the husband the ownership of property when, as here, the wife furnished no part of the money necessary to acquire the property and has completely forfeited her interest in it by her failure to live up to the marriage covenants."

■ Ordinarily, a decree forfeiting the wife's interest because of adultery is effective as of the date of its entry unless it expressly provides an earlier date. Here, the decree under review did not fix an earlier date; but, as the District Court accorded full faith and credit to the Maryland divorce judgment of March 22, 1960, we hold that in this case the forfeiture of the wife's interest in the property became effective as of that date. Hence the appellant was not entitled to share in the rents which accrued after March 22, 1960. Moreover, her demand that one-half interest in the property be conveyed to her was correctly denied. To this point we are in agreement.

The decree of forfeiture of course did not dispose of her claim to one-half of the net rents for the period from January 27, 1952, to March 22, 1960. With respect to that, the District Court found, as we have said, that Marie had received "substantially more" than one-half of the net rents, and so denied her claim to a further share. My view is that this finding has substantial support in the record and is not clearly erroneous, and therefore should be upheld.

■ Judges Danaher and Bastian are of the opinion, however, that Marie is entitled to one-half of the net rents from January 27, 1952, to March 22, 1960, it being their view that the sums she had received as support *pendente lite* cannot be set off against her portion of the net rentals. Accordingly, the portion of the District Court's judgment holding to the contrary is reversed, and the case is remanded for entry of a judgment in accordance with this opinion.

It is so ordered.