Inez M. DIXON, Appellant,

v.

James E. DIXON, Appellee.

No. 3125.

District of Columbia Court of Appeals.

Submitted April 1, 1963.

Decided May 3, 1963.

---

Curtis P. Mitchell and Roy M. Ellis, Washington, D. C., for appellant.

Jacob Sheeskin, Washington, D. C., for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

QUINN, Associate Judge.

Appellee husband sued for divorce on the ground of adultery and for the custody of two children. Personal service was had on the wife, who did not appear at trial but was represented by counsel. The trial court found that the wife was guilty of adultery and that she had forfeited her right to the children. The court awarded appellee an absolute divorce and custody of the children. Appellant contends (1) that the evidence adduced at trial was insufficient to establish adultery; (2) that the trial court lacked jurisdiction to award custody of the minor children; and (3) that there

was inadequate evidence to determine the mother's unsuitability.

To relate the sordid facts would serve no useful purpose. Neither appellant nor the co-respondent appeared at trial and no testimony was offered in their behalf. It is well settled that adultery may be proved by showing an adulterous disposition and the opportunity to fulfill it. Achorn v. Achorn, D.C.Mun.App., 168 A.2d 399 (1961). We have carefully examined the record and are convinced that there was ample evidence to support the finding of the trial court that the wife's conduct satisfied these conditions.

Appellant's second contention is that the trial court lacked jurisdiction to award custody of the children because appellant is a non-domiciliary of the District of Columbia. Since it has been held that minor children take the domicile of the parent with whom they actually live, when the father and mother have separate domiciles, Oxley v. Oxley, 81 U.S.App.D.C. 346, 347, 159 F.2d 10, 11 (1946), appellant urges that the male child, who still lives with her, is not subject to the jurisdiction of the court. The only support for appellant's contention comes from hearsay proffered by her attorney at trial. In a colloquy with opposing counsel and the court, he said, "I frankly cannot say that she is in another jurisdiction except to say to you that her father says she is in Philadelphia." However, the record shows that personal service was had on appellant in the District of Columbia.

It is uncontroverted that appellant and appellee were married in the District of Columbia in 1956, and that from 1956 until the institution of this suit in March 1961, appellee was domiciled in the District of Columbia. The record implies that appellant and appellee separated in March 1960, the male child remaining in appellant's custody. It follows then, that until the time of the alleged separation in March 1960, appellant and the two children were

domiciled in the District of Columbia.[1] Appellant would have us believe that between March 1960 and March 1961 she acquired a new domicile. But the only support for appellant's position is the hearsay testimony of her attorney. Since a domicile once acquired is presumed to continue until it is shown to have been changed, Shilkret v. Helvering, 78 U.S.App.D.C. 178, 138 F.2d 925 (1943), appellant has not credibly rebutted the presumption that she is still a domiciliary of the District of Columbia. In our view, appellant, appellee and the children were domiciled in the District of Columbia in March 1961. We hold, therefore, that the trial court had jurisdiction to award custody of the children to appellee. While we realize that some cases involving custody jurisdiction are not free of complexity,[2] we are reluctant to consider them upon so meager and insubstantial a record as is now before us.

■■ Appellant's last contention is that there was inadequate evidence to determine the mother's unsuitability. We have long adhered to the general rule in custody cases that

> "* * * where there has been a decree dissolving the marriage absolutely or only partially, the courts, looking *principally* to the welfare and happiness of the children, will award their care and custody to the one party or the other as will best promote their interest and general welfare. * * * the entire matter of the award * * * is one largely, and it may be said almost exclusively, of judicial discre-

tion, and that discretion is never reviewed by an appellate court, except when such discretion has been manifestly abused."[3]

As a matter of law, there is a presumption against the fitness of an adulterous parent to retain or obtain custody of his or her child. Hild v. Hild, 221 Md. 349, 157 A.2d 442 (1960). While this presumption runs only to the question of fitness of the guilty spouse, it does not constitute a bar to custody, nor does it establish the suitability of the innocent party. It is based on what is deemed to be the best interests and welfare of the child. Hild v. Hild, supra, 221 Md. at 360, 157 A.2d at 448.

■ Here, in addition to the presumption of unfitness created by the finding of adultery, appellee introduced evidence showing a lack of motherly interest by appellant. There was testimony not only that her apartment was dirty and that the children were improperly dressed but that appellant had sent her three-year-old daughter to appellee's mother, with whom the child has lived for over a year. Appellant has visited her daughter only once and has never inquired about the child's health or welfare. Appellant clearly had the burden of coming forward with evidence proving her suitability as a mother once this testimony was introduced. By failing to appear or offer any testimony at trial, appellant did not even attempt to meet this burden. We find no abuse of discretion by the trial court in awarding custody of the children to the father.

Affirmed.

1. Restatement, Conflict of Laws §§ 27, 29 (1934); 17A Am.Jur. Domicile § 49 (1957).

2. For cases in this jurisdiction see Mankiewicz v. Mankiewicz, D.C.Mun.App., 177 A.2d 913 (1962); Kraft v. Kraft, D.C.Mun.App., 155 A.2d 910 (1959); Oxley v. Oxley, 81 U.S.App.D.C. 346, 159 F.2d 10 (1946); Boone v. Boone, 76 U.S.App.D.C. 399, 132 F.2d 14 (1942). For cases in other jurisdictions see

Sampsell v. Superior Court, 32 Cal.2d 763, 197 P.2d 739 (1948); Annots., 171 A.L.R. 1405 (1947), 4 A.L.R.2d 7 (1949), 9 A.L.R.2d 434 (1950). Compare, Restatement (Second), Conflict of Laws § 117(3) (Tentative Draft No. 1, 1953).

3. Knight v. Knight, D.C.Mun.App., 134 A.2d 380, 381 (1957), quoting Wells v. Wells, 11 App.D.C. 392, 395 (1897); see Bartlett v. Bartlett, 94 U.S.App.D.C. 190, 193, 221 F.2d 508, 511–512 (1954).