## KROUS v. KROUS.

DIVORCE; ADULTERY; SUFFICIENCY OF EVIDENCE.

In a divorce suit, evidence of a wife's adultery, to justify a decree against her on that ground, must be clear and convincing, mere circumstances of suspicion being insufficient. (Following *Glennan* v. *Glennan*, 3 App. D. C. 333.)

No. 2560. Submitted November 4, 1913. Decided December 1, 1913.

HEARING on an appeal from so much of a decree of the Supreme Court of the District of Columbia as dismissed appellant's cross bill for a divorce. *Reversed.*

The facts are stated in the opinion.

*Mr. Henry H. Glassie* and *Mr. Charles J. Murphy* for the appellant.

*Mr. M. J. Colbert* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

Henry L. Krous filed a bill for divorce, charging his wife,

Katie M. Krous, appellant, with adultery, committed with a person unknown, on July 23, 1911, in her own home and at divers other places unknown. The wife answered, denying the charge of the bill. She then filed a cross bill, making counter charges of adultery against her said husband, naming the co-respondent, and the cause went to issue on both bills.

The decree, reciting that both parties have been found guilty, dismissed the bill and cross bill, without costs to either party. The husband acquiesced in the decree, and the wife has appealed from so much of the same as dismissed her cross bill. The volume of depositions must have been great, because the condensed statement of the evidence, filed in compliance with the rules, is long and contains much that is irrelevant on this appeal.

In order to sustain a charge fixing lasting shame and disgrace upon a wife, the proof should be clear and satisfactory. Mere circumstances of suspicion are not sufficient. *Glennan* v. *Glennan,* 3 App. D. C. 333.

It is not our our practice to set out the evidence in this class of cases. It would serve no useful purpose.

Having fully considered it, we think it sufficient to say that we are not satisfied with the evidence of the guilt of the wife.

We agree with the finding that the evidence in support of the cross bill established misconduct of the husband as charged. The decree is therefore reversed, with costs, and the cause remanded with direction to grant the prayer of the cross bill.

*Reversed.*