## STEWART et al. v. STEWART.

(Court of Appeals of District of Columbia. Decided February 5, 1923.)

No. 3794.

1. Divorce ⬅124—Evidence held to sustain finding plaintiff had not lost residence within the District.

Evidence that plaintiff had married a resident of the District, and had resided with him within the District for 14 years, after which she and her husband went to the home of her parents in Maryland, and remained with them under a temporary arrangement until the parties separated, and that during all of the time the husband declared himself a resident of the District, *held* to show that plaintiff was still a resident of the District, so as to be entitled to sue therein for divorce, under Code, § 971.

2. Divorce ⬅62(6)—Temporary residence of plaintiff with parents during separation does not deprive her of residence.

The temporary residence of plaintiff, in suit for divorce, with her parents outside of the District, after separation from her husband, does not deprive her of residence within the District.

3. Divorce ⬅129(16)—In suit by wife, evidence held to show husband was guilty of adultery.

Evidence establishing a guilty disposition by writings of the husband, repeated prearranged opportunities, and a gift by the husband to the co-respondent of a substantial part of his estate, *held* sufficient to show his guilt of adultery, even if the testimony of the detectives, which must be scrutinized with caution, be disregarded.

4. Divorce ⬅129(1)—Charge of adultery sustained only on clear and satisfactory evidence, but eyewitnesses unnecessary.

In a suit for divorce, a charge of adultery against the husband should not be sustained on circumstances of mere suspicion, but only on clear and satisfactory evidence of guilt; but that rule does not require proof beyond the possibility of doubt, nor require proof by eyewitnesses.

5. Divorce ⬅266—Court cannot sequester husband's property until default in payment of alimony.

Under Code, § 975, authorizing the court to enjoin disposition of husband's property to avoid the collection of alimony, and, in case of the husband's failure or refusal to pay alimony, to sequester his property, the court is not authorized to grant the writ of sequestration until after the husband has defaulted in the payment of some installment of the alimony.

6. Divorce ⬅270—Injunction against disposition of property by husband held proper.

Where there was evidence that the husband had made a gift of a substantial portion of his estate to the co-respondent, and had made her a beneficiary in his will, and there was reasonable ground to apprehend he might part in the same manner with more of his property, the court was justified in enjoining the sale by him of some of his real estate for the purpose of securing the payment of the alimony.

Appeal from the Supreme Court of the District of Columbia.

Suit for divorce by Anna P. Stewart against Henry C. Stewart, in which Mirah L. Ross was named as co-respondent. Decree for plaintiff, and defendant and co-respondent appeal. Affirmed.

H. S. Barger and Wilton J. Lambert, both of Washington, D. C., for appellants.

George P. Hoover, of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and MARTIN, Judge of the United States Court of Customs Appeals.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

MARTIN, Acting Associate Justice. This case was begun in the Supreme Court of the District, upon a bill of complaint wherein the plaintiff, Anna P. Stewart, sought a divorce from the defendant Henry C. Stewart upon the ground of adultery; the defendant Mirah L. Ross being named therein as co-respondent.

The plaintiff alleged that she then was, and for more than three years prior thereto had been, a bona fide resident of the District of Columbia; that defendant Henry C. Stewart likewise was a resident of the District; that plaintiff and said defendant were united in marriage on December 10, 1902, and that no issue was born of the marriage; that in the years 1917, 1918, and 1919, at times and places specified, he had committed adultery with the co-respondent; and that plaintiff had not connived at nor condoned the offense.

The defendant Henry C. Stewart admitted the marriage, and that no issue was born thereof, but denied that he had at any time been guilty of adultery. He denied, also, that plaintiff was a resident of the District of Columbia, and averred that she was a resident of the state of Maryland. The co-respondent also answered, denying the charge of adultery.

Upon a trial duly had upon the pleadings and evidence, the court found for the plaintiff upon the issue of residence, and furthermore sustained the charge of adultery made in the bill. Accordingly a divorce a vinculo was regularly decreed. An account of defendant's property was taken by the auditor, alimony was decreed to plaintiff, and the payment thereof was secured by decrees of injunction and sequestration. The defendant Henry C. Stewart appealed from each of these findings, orders, and decrees, and the co-respondent likewise appealed.

[1] The first question for consideration is the issue relating to plaintiff's residence. Section 971, District Code. It appears beyond dispute that defendant Henry C. Stewart was born and raised in the District, and was living therein at the time of his marriage in 1902. He was then a citizen of the District, and maintained a real estate office in the city of Washington. After the marriage, plaintiff and defendant made their home in the District until March, 1916, when they went to live with the parents of the plaintiff at their home in Chevy Chase, Md. The two families then arranged to live together, and to pay their household expenses in equal shares. This arrangement continued until December 31, 1918, when defendant removed to an apartment within the District; the plaintiff remaining with her parents. It is clear that the marital domicile of the parties was in the District of Columbia at the time of their removal to Chevy Chase, and the question accordingly arises whether they abandoned it for one in Maryland at the time of the removal.

The trial court held upon the evidence that the parties had not abandoned their domicile in the District, nor acquired one in Maryland, and we think that that decision is fully sustained by the evidence; for it clearly appears that the parties intended their residence at Chevy Chase to be temporary only, and accordingly they left most of their household effects in storage in the District against the time of their

return. The arrangement whereby the two families lived together in Chevy Chase was also understood and declared by both of them to be temporary, and both plaintiff and defendant at the time intended to retain their domicile within the District. The latter openly and repeatedly stated at the time that he retained his legal residence in the District, and would not under any circumstances become a citizen of Maryland. Accordingly he continued his business in the District as before; he paid his taxes there, and described himself in deeds of conveyance and otherwise as a resident of the District.

[2] In view of the foregoing circumstances, we think that the removal to Chevy Chase did not deprive the plaintiff of her legal domicile in the District of Columbia. Nor did such a result follow from her continued residence with her parents there since the separation, for it likewise has been but temporary in character, and due to the uncertainty of her affairs. Newman v. Frizzell, 43 App. D. C. 53, 60; Watkinson v. Watkinson, 68 N. J. Eq. 632, 60 Atl. 931, 69 L. R. A. 397, 6 Ann. Cas. 326; Bechtel v. Bechtel, 101 Minn. 511, 112 N. W. 883, 12 L. R. A. (N. S.) 1110; Boreing v. Boreing, 114 Ky. 522, 71 S. W. 431; Humphrey v. Humphrey, 115 Mo. App. 361, 91 S. W. 405; Moore v. Moore, 130 N. C. 333, 41 S. E. 943; Sewell v. Sewell, 122 Mass. 156, 23 Am. Rep. 299.

[3, 4] The next question for consideration is the issue of adultery. We do not deem it necessary to enter into a detailed discussion of the testimony upon this subject, but after a careful reading of the record we are constrained to agree with the decision of the trial court. It is true that a charge of adultery should not be sustained upon circumstances of mere suspicion, but only upon clear and satisfactory evidence of guilt. Glennan v. Glennan, 3 App. D. C. 333; McKitrick v. McKitrick, 261 Fed. 451, 49 App. D. C. 109; Topham v. Topham, 269 Fed. 1013, 50 App. D. C. 229. But that rule does not require proof beyond the possibility of doubt, nor does it necessarily require proof by eyewitnesses of the actual offense. 19 Corpus Juris, p. 138. Nor do we overlook the rule that the testimony of hired detectives in such cases should be scrutinized with great caution. Id. p. 142.

But at the trial of this case a guilty disposition between the accused parties was established by means of written evidence emanating from the defendant with the connivance of the co-respondent, and repeated opportunities, both prearranged and calculated between them, were also proven. In addition to this, there was proof of other circumstances tending to establish guilt, among them the fact that defendant had given property to the co-respondent of the value of $36,413.57, which was a substantial part of his estate, and had rewritten his will to make her a beneficiary in it. The evidence, therefore, even excluding the testimony of the detectives, points convincingly toward guilt.

The plaintiff was awarded alimony by the trial court in the sum of $300 per month, payable monthly, and counsel fees in the sum of $5,000. These allowances were excepted to, and are covered by the present appeal. However, in view of the extent of the husband's property, we do not consider the alimony excessive; and, considering the extent and character of the services rendered by counsel, we do not

feel called upon to disturb the trial court's estimate of their value. The present appeal also calls into question the trial court's order relative to the payment of the costs accrued in the case. However, we find no ground for a modification of the order.

The appellant also complains of the decrees of injunction and sequestration, which were entered against him by the trial court. The record discloses that, in order to secure and enforce the periodical payment of the allowances, the court enjoined the defendant from incumbering or disposing of certain of his real estate situate within the District of Columbia, and at the same time ordered and decreed that defendant's interest therein should be sequestered, and that a writ should issue to certain sequestrators, commanding them to enter upon the aforesaid interest and sequester into their hands all rents and profits thereof, and to hold the same subject to the further orders of the court.

[5] We think that under the circumstances the court was authorized in equity to allow the injunction, but not the writ of sequestration. Section 975 of the District Code provides in relation to alimony that:

"The court may also enjoin any disposition of the husband's property to avoid the collection of said allowances, and may, in case of the husband's failure or refusal to pay such alimony and suit money, sequestrate his property and apply the income to such object."

[6] In the present instance, however, the husband had not failed or refused to pay any of the allowances when the court granted the writ of sequestration. It is true that the defendant had made large gifts to the co-respondent, and there was reasonable ground to apprehend that he might part in the same manner with yet more of his property. We think that this consideration justified the injunction, but under the statute it furnished no ground for the sequestration. Such a writ, however, would be authorized by the statute in case the defendant fails or refuses to pay any installment of the alimony when due.

Accordingly we affirm, at appellant's costs, all of the findings, orders, and decrees herein appealed from, except the sequestration aforesaid, and as to that the decree is modified, and the case is remanded to the Supreme Court of the District for such further action as may be proper and necessary in conformity with this decision.