**Erik ACHORN, Appellant,**

v.

**Alice L. ACHORN and Joseph A. Seeley, Appellees.**

No. 2696.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 6, 1961.

Decided March 8, 1961.

John Alexander, with whom Walter W. Johnson, Jr., was on the brief, for appellant.

David F. Smith, Washington, D. C., for appellee Achorn.

Jackson Brodsky, Kensington, Md., for appellee Seeley.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11-776(b).

CAYTON, Judge.

Appellee wife brought an action against her husband for separate maintenance. He counterclaimed for absolute divorce on the ground of adultery, and she then filed a supplemental complaint for limited divorce alleging cruelty. After a seven-day trial the court denied both prayers for divorce, but awarded the wife separate maintenance as requested in her original pleading. The husband has brought this appeal.

Stating it in a number of ways, he says there was error in finding that adultery had not been established. It would require many pages to recite or even summarize the evidence. In the end it resolves itself into issues of credibility. The rule of law is that adultery may be proved by showing an adulterous disposition and the opportunity to fulfill it. There is no doubt about the opportunity in this case. The corespondent admittedly visited the wife in her apartment many times, on two occasions staying all

or most of the night. Their explanation of these late visits was that on the first occasion ·the corespondent became ill with chills and fever and felt unable to go out into the inclement weather, and so stayed the night; that on the second occasion the corespondent remained at the wife's request because she was distressed and despondent about her personal problems. She testified that he spent both those nights on a couch, while she slept in her bedroom. They both said he was acting as her adviser. Both categorically denied having had sexual relations or any physical intimacy.

■ The court found as a fact that in spite of the opportunities there was no adulterous disposition shown between the parties. We cannot say this was error. Adulterous disposition and opportunity are not synonymous and the court was not bound to find as a matter of law that because the parties acted indiscreetly they necessarily acted adulterously. Shellman v. Shellman, 68 App.D.C. 197, 95 F.2d 108.

That the behavior of these parties was suspicious, there can be no question. But it was not such as to require a finding of adultery as a matter of law. The trial judge .pointed out that the wife was 53 years old and the corespondent 56 and that he swore he was impotent; that both parties were well educated and did not seem to be hot-blooded or intemperate types; that the testimony of four private detectives spanning many days surveillance failed to disclose one instance of amorous display or of kissing, hugging, hand-holding or the like.

■ We might be inclined to draw different conclusions on the admitted facts, but we would not have a proper basis for reversing the decision below. The judge heard the testimony of these parties and observed them in the courtroom throughout a seven-day trial. The finding was not manifestly wrong and the decision on the facts is not the subject of a review *de novo* by this court. Bacon v. Bacon, 83 U.S. App.D.C. 313, 169 F.2d 679.

Appellant argues that the trial judge made several erroneous observations during the course of orally announcing his findings of fact. Some of these observations involved the judge's mental process in arriving at his decision. Even though we may not be ·prepared to approve all the reasoning adopted by the trial judge, we find nothing in what he said which would taint his ultimate findings with error.

One of the matters stressed by appellant is a statement by the judge, challenging the probative value of the testimony of the husband's detectives because they did not take steps to gain entry into the wife's. apartment when they knew the corespondent was there. We may agree that this was a mistaken view; but it was a mistake on a collateral question, and not sufficient basis. for reversal.

■ Appellant contends that apart from the adultery question the wife has shown herself unworthy of being entitled to· an award of separate maintenance. This is. also primarily a fact question and it is clear that the court took into account the merits of the claim, including the needs of the wife and the ability of the husband to pay, before making the award. The husband's. net worth is in excess of $175,000 and his. annual income more than $10,000. The· award of $150 per month was not improper..

Affirmed.