**Oscar A. LINE, Appellant,**

v.

**Betty Jean LINE and Hudson Andrew Thomas, Appellees.**

**No. 2866.**

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 27, 1961.

Decided Jan. 18, 1962.

Rehearing Denied Feb. 6, 1962.

Thomas C. Bell, Washington, D. C., for appellant. Oscar A. Line also entered an appearance, pro se.

Joseph D. DiLeo, Washington, D. C., for appellee Betty Jean Line.

Bernard J. Hammett, Washington, D. C., for appellee Hudson Andrew Thomas.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

QUINN, Associate Judge.

Mrs. Line filed suit against her husband seeking custody of, and support money for, the couple's five-year-old daughter. The husband responded with a counterclaim for custody of the child and for an absolute

---

3. Snyder v. City and County of Denver, 123 Colo. 222, 227 P.2d 341, 343 (1951).

4. Patton v. People, 114 Colo. 534, 168 P.2d 266 (1946).

divorce on the ground of adultery. This appeal is from the trial court's decision in favor of the wife.

It was appellant's purpose at trial to secure a divorce and at the same time to gain custody of his child by showing that his wife had engaged in a continuous, adulterous association with appellee Thomas. However, the only evidence of a disposition to infidelity was testimony by the infant daughter that she had witnessed various exchanges of affection and intimacy between her mother and Mr. Thomas during the latter's frequent and extended visits to her mother's apartment.

It is plain that the trial court disbelieved this testimony and with reason, for the child admitted on cross-examination that her father had instructed her what to say at trial. At this point, the court said:

"Well, I very gravely suspect that Mrs. Line and Mr. Thomas have been committing acts of adultery from time to time and day to day for a good many days, but there is no evidence here which I can call clear and satisfactory. It cannot convince me of that, so I am going to dismiss the charge of adultery."

Without a clear and satisfactory showing of adultery the trial court had no proper basis for granting a divorce, as it is well settled that suspicious circumstances alone do not prove adultery. Stewart v. Stewart, 52 App.D.C. 323, 325, 286 F. 987, 989 (1923), and cases there cited. Nor should the court have applied a standard other than "clear and satisfactory" in determining whether adultery was a fact to be considered on the issue of fitness of custody. The motivation for a strict standard in the one case is just as applicable in the other. "In order to sustain a charge which not only brings lasting shame and disgrace to the wife, but also to her innocent children, the proof must be clear and satisfactory. Strong suspicion, or circumstances of suspicion, are not sufficient." Glennan v. Glennan, 3 App.D.C. 333, 334 (1894). It was therefore proper for the trial judge to disregard the accusation of adultery and to decide the question of custody in the light of the remaining established facts of the case. In performing this function, the trial court exercised its discretion in a manner duly solicitous of the child's best interests.

We find this equally true with respect to the support award of twenty dollars weekly for the child. The fact that the parties at pretrial conference agreed to ten dollars weekly support money in no way bound the trial court from making a larger allowance where the need was sufficiently demonstrated. See Grand v. Grand, D.C. Mun.App., 163 A.2d 556 (1960).

Affirmed.