Christine **HANNON**, Appellant,

v.

Alphonso **HANNON**, Appellee.

No. 3854.

District of Columbia Court of Appeals.

Argued March 7, 1966.

Decided June 1, 1966.

Milton C. Gelenian, Washington, D. C., for appellant.

John W. Brennan, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

PER CURIAM.

After leaving her husband, appellant brought this action for a limited divorce and for separate maintenance. She alleged she was forced to leave her husband because of his cruel conduct consisting of excessive drinking, threats and physical violence, and lack of adequate support. The trial court found that there was no substantial evidence of excessive drinking, that the wife failed to prove the claimed threats, and that although the husband had slapped appellant on two occasions, she was not justified in leaving the marital domicile. The court also found that the husband adequately supported appellant up to the time she left him. On this evidence the court concluded that the wife was entitled neither to a limited divorce nor to separate maintenance. She has appealed.

■ The question of cruelty was one of fact for the trial court. We have held that a single assault by one spouse upon the other does not necessarily constitute sufficient cruelty to justify the injured spouse in leaving the marital abode,[1] and the same is true of two isolated assaults occurring, as here, in different years. Conduct which in

1. Chapple v. Chapple, D.C.App., 204 A.2d 815 (1964).

one home might constitute "the very refinement of cruelty" could in another home amount to nothing more than "the ordinary course of living." [2]

We find no ground for disturbing the judgment; and we find no occasion for increasing the award of counsel fees in the trial court. We find that appellant's counsel is entitled to an award of $150 for services performed on this appeal.

Judgment affirmed, and appellee ordered to pay to counsel for appellant the sum of $150 for services on this appeal.

2. Waltenberg v. Waltenberg, 54 App.D.C. 383, 385, 298 F. 842, 844 (1924).