Ella Mae STEPHENSON, Appellant,

v.

William O. STEPHENSON, Appellee.

William O. STEPHENSON, Appellant,

v.

Ella Mae STEPHENSON, Appellee.

Nos. 3875, 3876.

District of Columbia Court of Appeals.

Argued June 6, 1966.

Decided Aug. 3, 1966.

Rehearing Denied Sept. 7, 1966.

John W. Karr, Washington, D. C., for Ella Mae Stephenson.

Erwin A. Alpern, Washington, D. C., with whom Karl G. Feissner, Washington, D. C., was on the brief, for William O. Stephenson.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge:

These are appeals from an order granting an absolute divorce to appellee-husband on the ground of adultery and dismissing appellant's countercomplaint for a limited divorce on the ground of cruelty. Also before us are claims of error relating to custody, alimony and attorney's fees.

The record shows that the parties were married in 1948 and have two children. There is no dispute that their marriage was a happy one for fourteen years but that an estrangement occurred in 1962. Appellee testified that in April or May of that year his wife began attending choir rehearsals every Saturday night; that this continued for a period of six months during which time the corespondent drove her to and from said rehearsals; and that she usually came home in the early morning hours. Further, in October 1962 appellant, traveling with the corespondent in his car, attended a Shriners' convention in Minneapolis. Appellee stated that the trip was made with his approval and that he had even packed his wife's luggage in the corespondent's car. He also testified that sometime in 1964 he saw his wife kissing a man named Johnson (not the corespondent) in a parked automobile.

Both appellant and the corespondent denied having had any sexual relations with each other. They testified that when returning from choir rehearsals, in which both participated, and on the trip to and from the convention, there were other passengers in the car. The record further indicates that although the pair stayed at the same hotel in Minneapolis, they were in widely separated rooms and that appellant shared her room with another woman. The kissing incident was denied, and, in addition, appellant related two episodes, during which her husband allegedly assaulted her without provocation. Appellee's testimony on this matter was to the contrary.

The trial court found that appellant and the corespondent had committed adultery on the Minneapolis trip, and granted appellee a divorce on this ground. This was error.

■ It has long been established that circumstantial evidence can be used to prove adultery. Stewart v. Stewart, 52 App.D.C. 323, 286 F. 987 (1923); Light v. Light, D.C.Mun.App., 185 A.2d 510 (1962). Such proof must be clear and convincing, and mere circumstances of suspicion are not sufficient. Krous v. Krous, 41 App.D.C. 200 (1913); Glennan v. Glennan, 3 App.D.C. 333 (1894); Hagans v. Hagans, D.C.App., 215 A.2d 842 (1966). The evidence must show both an adulterous disposition and an opportunity to gratify it, Dixon v. Dixon, D.C.App., 190 A.2d 652 (1963); Achorn v. Achorn, D.C.Mun. App., 168 A.2d 399 (1961), and these two elements must exist at the same time. 24 Am.Jur.2d Divorce and Separation § 369 (1966); 1 Nelson, Divorce and Annulment § 5.10 at 188 (2d ed. 1945). Our concern is with the element of "disposition."

■ We note at the outset that due to the nature of a charge of adultery and the effect of such a finding on the lives of the accused and any children of the marriage, it is generally accepted that when circumstantial evidence "is fairly susceptible of two interpretations, one consistent with innocence and the other with guilt, it is not sufficient to prove adultery." 24 Am. Jur.2d Divorce and Separation § 392 at 522 (1966). Furthermore, as noted above, the adulterous disposition must coexist with the element of opportunity.

■ Applying these rules to the case at bar, we cannot say that there is sufficient evidence to support the trial court's

finding of adultery. The kissing incident cannot be used to prove the requisite disposition since it occurred approximately eighteen months after the alleged adultery. The other evidence of disposition was that appellant and the corespondent attended choir rehearsals together, that she came home late, and that she rode with him to Minneapolis. Even combining this with the testimony that appellant had a photograph of the corespondent and another man, and that during this period she had nothing to do with her husband sexually, is not sufficient. The opportunities may have been abundant for an illicit relationship, but without a clear showing of an adulterous disposition, a finding of adultery cannot stand. See Achorn v. Achorn, supra; 1 Nelson, op. cit. supra, § 5.15 at 196. There is no testimony or other evidence of any affection between appellant and the corespondent, nor of any improper familiarity, or acts or language indicative of the nature of an illicit relationship. Appellant may have been indiscreet, but her actions could well be "consistent with innocence in modern times and one cannot satisfactorily infer guilt of adultery therefrom." 24 Am.Jur.2d Divorce and Separation § 393 at 523 (1966).

It is next claimed that the trial court erred in dismissing appellant's countercomplaint for a limited divorce on the ground of cruelty. Appellee disputed the testimony that one of the alleged incidents occurred. The evidence regarding the other is in conflict as to its cause, who struck the first blow, and what "weapons" were used.

The court found that appellant had not carried her burden of proof under Waltenberg v. Waltenberg, 54 App.D.C. 383, 298 F. 842 (1924), when taking into consideration her conduct. That case held that "existing conditions" must be looked at in each case. Recently we noted that it is necessary to review the character of the violence, the presence or absence of provo-cation, and a full history of the assault. Hannon v. Hannon, D.C.App., 220 A.2d 94 (1966).

In the instant case, appellant's conduct was found to be directly related to the alleged acts of cruelty. Whether this means that she provoked or actually started the altercations is immaterial, since either would support the dismissal of her complaint under *Waltenberg* and *Hannon*. Furthermore, the record indicates that the case falls squarely within the rule of Chapple v. Chapple, D.C.App., 204 A.2d 815 (1964) (proof of a single assault will not necessarily constitute cruelty sufficient for a divorce). We find no error in the trial court's action on appellant's countercomplaint.

Three remaining issues require comment. Appellant contends that the court erred in denying her alimony or separate maintenance. In addition, both parties question the awarding of custody of the son to appellee and the daughter to appellant. In the light of our holding on the issue of adultery, we believe it necessary to remand for a new determination of these matters.

Finally, appellee contends that the trial court's award of counsel fees was excessive. We are aware that this area is one within the sound discretion of the trial judge; however we believe that the award must be reconsidered in view of the fact that it is an amount equaling nearly one-third of appellee's annual salary. Ritz v. Ritz, D.C.App., 197 A.2d 155 (1964).

The case is therefore remanded for a hearing on the issues of custody, separate maintenance, and attorney's fees. The granting of a divorce on the ground of adultery is reversed and the dismissal of the complaint for a divorce on the ground of cruelty is affirmed.

So ordered.