Wallace S. SNYDER, Appellant,

v.

Marilynn F. SNYDER, Appellee.

No 3868.

District of Columbia Court of Appeals.

Argued May 2, 1966.

Decided Oct. 3, 1966.

Charles N. Ford, Washington, D. C., for appellant.

James J. Bierbower, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge:

Appellee, hereafter called the wife, brought this action against appellant, hereinafter called the husband, seeking separate maintenance and alleging that he had failed and refused to maintain her, although able so to do.[1] At trial, over the husband's objection, the wife offered evidence tending to show that the husband prior to their separation had committed adultery. At the conclusion of the trial the court orally found "that the wife had a perfect reason for leaving the defendant, and that was his adultery with this Bowden woman." In the formal judgment the court found that the husband had committed adultery, and concluded that the wife had the right to live separate and apart from the husband because of his adultery. The husband was ordered to pay the wife a monthly sum for her support.

■■■ We rule that the evidence did not support the finding of adultery. Such a charge is a serious one and must be supported by "clear and satisfactory evidence."[2] Mere circumstances of suspicion are not enough to sustain the charge.[3] Here the only evidence of adultery was some implied admissions by the husband, but that was not enough.[4] At oral argument it was suggested that the standard of proof for adultery in a separate maintenance suit is less than that in a divorce suit. We find no rationale for such a proposition.

Furthermore, we feel that the charge of adultery assumed unwarranted importance in the proceeding. In her complaint the wife did not charge adultery, and there was no occasion for so doing. Adultery is a ground for an absolute divorce, but the wife did not seek a divorce on the ground of adultery or on any other ground. She sought only separate maintenance. Concerning such an action we have said:

Under our statute providing that "Whenever any husband shall fail or refuse to maintain his wife * * *," the court may award her maintenance, the wife makes out a prima facie case when she proves two facts: (1) that her husband fails or refuses to maintain her, and (2) that he is able to do so. This does not mean that on proof of those two facts the husband is helpless to defend against the wife's claim. He may offer evidence that the wife left him without just cause or reason, or that the separation was brought about largely or in part by the wife's misconduct. Proof of misconduct is not limited to proof of cruelty in the legal sense, but may include proof of any act of unkindness or indignity; and this proof "may justify either a denial or an abatement of maintenance." Melvin v. Melvin, 76 U.S.App.D.C. 56, 58, 129 F.2d 39, 41.[5]

■■■ This is not a case where the wife was attempting to justify her leaving the husband because of his adulterous conduct. Apparently she was willing to overlook his conduct. She testified that with knowledge of his conduct she insisted they consult a marriage counselor to try to save the marriage, and that what she wanted was for him "to come to his senses and come back." She did not leave him. He left her. He said he left because of her continual "nagging." Perhaps her testimony regarding his adultery was relevant as tending to show

1. D.C.Code 1961, § 16–916 (Supp. V, 1966).

2. Stewart v. Stewart, 52 App.D.C. 323, 325, 286 F. 987, 989 (1923).

3. Stephenson v. Stephenson, D.C.App., 221 A.2d 917 (1966); Line v. Line, D.C.Mun. App., 177 A.2d 271 (1962).

4. Hagans v. Hagans, D.C.App., 215 A.2d 842 (1966).

5. Miller v. Miller, D.C.Mun.App., 180 A.2d 888, 889, 890 (1962).

that he actually left because he was in love with the other woman; but the adultery charge was permitted to become a main issue in the case. This is clearly shown by the trial court's oral announcement that because of the husband's adultery the wife had "a perfect reason for leaving." Yet the admitted fact is that she did not leave. And in the formal judgment the trial court found that the husband had committed adultery and that because of this the wife had the right to live separate and apart. Yet the wife never claimed that she was living apart because of the husband's adultery. Her claim was that she was living apart because he had left against her will.

It may well be that the wife's right to separate maintenance could be sustained on the record, completely disregarding the charge of adultery, but in view of the weight given this charge by the trial court a new trial must be awarded.

Reversed with instructions to grant a new trial.