**Carrie Jean ROBERSON, Appellant,**

v.

**Johnny ROBERSON, Appellee.**

No. 6293.

District of Columbia Court of Appeals.

Argued Oct. 12, 1972.

Decided Dec. 7, 1972.
Rehearing En Banc Denied Jan. 31, 1973.

George A. Schmiedigen, Washington, D. C., for appellant.

Thurman L. Dodson, Washington, D. C., for appellee.

Before PAIR and HARRIS, Associate Judges, and HOOD, Chief Judge, Retired.

PAIR, Associate Judge:

This is an appeal from a judgment of the Family Division of the Superior Court in an action in which the wife (appellant) sought, on the grounds of constructive desertion, separate maintenance for herself and custody of and support for the parties' minor child. On the basis of detailed findings of fact the trial court concluded that

appellant had left the marital abode without justification and was, therefore, guilty of desertion. The court first adjudged that appellant was not entitled to separate maintenance. The court then awarded appellant custody of the minor child and directed appellee to pay each week for the child's support the sum of $22.50.

Appellant urges in substance that (1) the trial court's decision was against the weight of the evidence, (2) the trial court erred in finding appellant had deserted her husband without just cause, and (3) the award of support was insufficient. After thorough review of the record we are unable to say that the findings and conclusions of the trial court are plainly wrong or without evidence to support them.[1] We therefore affirm.

What the record discloses is that on January 26, 1967, appellant left her husband, taking with her their minor child. Appellant filed, the next day, a complaint demanding separate maintenance and custody of the child, alleging that because of appellee's cruelty she was forced to leave the marital abode. Appellee denied the allegations of cruelty but conceded that the mother was a proper person to have custody of the child.[2]

■ At trial there was evidence from which the trial court could have found, as it did, that appellant without good cause deserted her husband and that, with one exception, the alleged acts of cruelty occurred subsequent to the separation. Concluding that appellant had not made out a case of constructive desertion, the trial court entered judgment for appellee on the issue of separate maintenance.

■ It is well established now that when a wife leaves the marital abode without just cause, her desertion is a bar to a claim for separate maintenance. *See* Lee v. Lee, D.C.App., 267 A.2d 824 (1970). Of course, when the desertion is occasioned by the misconduct of the other spouse, " . . . the spouse remaining in the marital abode is treated, in the eyes of the law, as the deserter." Hales v. Hales, D.C.App., 207 A.2d 657, 659 (1965). In the instant case appellant sought to establish that appellee was guilty of cruelty and had constructively deserted her. While appellant alleged both physical and mental cruelty, the testimony related primarily to purported physical assaults by the spouse.

■ In Chapple v. Chapple, D.C.App., 204 A.2d 815 (1964), this court held consistent with the general rule that proof of a single assault does not necessarily constitute sufficient cruelty to warrant a divorce from the bonds of matrimony; and in Hannon v. Hannon, D.C.App., 220 A.2d 94 (1966), we affirmed a denial of separate maintenance and a limited divorce upon a showing that the cruelty consisted of two isolated assaults occurring in different years. In the instant case, as in *Hannon*, the question of cruelty was one of fact for the trial court. Appellant alleged physical abuse and produced a relative to corroborate one instance. Appellee denied the allegations. In actions such as the one at bar, the trial court is often confronted with " . . . a maze of conflicting testimony, usually including what one court called 'a tolerable amount of perjury,' . . . ." *See* Coles v. Coles, D.C.App., 204 A.2d 330, 331–332 (1964). Where, however, there is competent evidence in the record to support the court's findings, even though there may be conflicting testimony, we are without authority to substitute our views. *Cf.* McEachnie v. McEachnie, D.C.App., 216 A.2d 169 (1966).

1. *See* D.C.Code 1967, § 17–305(a) (Supp. V, 1972). *See also* Lindau v. Lindau, D.C.App., 286 A.2d 864 (1972); Springer v. Springer, D.C.App., 248 A.2d 822 (1969).

2. The child was three years old at that time.

Finally, appellant challenges as insufficient the amount awarded for the support of the child. This action of the court, however, was a matter committed to its discretion and included consideration of the father's welfare and enforcement of his obligation commensurate with his financial ability to pay. *Cf.* Hoffman v. Hoffman, D.C.App., 210 A.2d 549 (1965); Johnson v. Johnson, D.C.Mun.App., 163 A.2d 127 (1960). Absent therefore a showing of abuse, the court's exercise of discretion may not be disturbed on appeal. Moreover, the child involved is of tender years and presumably the trial court determined that her present needs were being met. Appellant, of course, is always free to seek, upon a proper showing, an increase in the amount of support payments. Hamilton v. Hamilton, D.C.App., 247 A.2d 421 (1968).

Affirmed.