**Royal L. CLEMENTS, Appellant,**

v.

**Ruth CLEMENTS, Appellee.**

No. 3025.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 6, 1962.

Decided Sept. 24, 1962.

William C. Gardner, Washington, D. C., with whom William B. Bryant, Washington, D. C., was on the brief, for appellant.

Francis W. Taylor and William P. Kilmain, Washington, D. C., for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11-776(b).

CAYTON, Judge.

A husband appeals from a judgment awarding custody of minor children to his wife, together with maintenance and support. Our first question is whether it was proper to award custody to one spouse when both were living together, and the children with them.

The parties have been married for 19 years and at the time of trial and judgment were living in the same house with their three minor children. After having moved out of the household in September 1960 and filing the present action in October, the wife returned in December of that same year and has remained there ever since. She has refused to share appellant's bed, but has willingly and continually performed her domestic duties as a wife. She has washed and ironed his clothes, cooked the meals

and cleaned the house. The husband has bought the groceries on the alternate weeks when he is paid; the wife has done the buying on the other weeks.

The court below awarded custody of the children to the wife, ordered appellant to pay $125 every two weeks for the support and maintenance of the wife and children, and provided that the husband "be allowed to eat and sleep in the family home."

We know of no case in this jurisdiction in which custody of children has been awarded to one spouse while the parents and children are living in the same household. Nor has our search uncovered such disposition elsewhere.

██ Under the Code, § 21–101, father and mother are the natural guardians of the person of their minor children. And the parents are "equally entitled to the custody" of such children.[1] While the parties continue to live together, their custody of children is joint.[2] In the absence of a separation by the parents, the problem of custody does not arise.[3] And it is always the welfare of the child which is determinative,[4] not the adversary right of either parent.[5] We must hold that it was error to award exclusive custody to the wife in the circumstances here shown. Its effect was to strip the father of all right of parental control, leaving him without a voice in the management of the household or the children. This created an awkward situation, punitive in nature towards the father, and generating such new confu-

sions and complications that the best interests of the children would almost certainly deteriorate.

██ In special circumstances we have permitted the award of separate mainte- nance to a wife who was in fact living a sep- arate life although under the same roof with her husband. But we made it plain that such situations should be given care- ful scrutiny so as to discourage litigation between husbands and wives who are actu- ally living together.[6] The question here is whether the evidence justified an award of separate maintenance. Our Code § 16– 415 authorizes such an award, "whenever any husband shall fail or refuse to main- tain his wife."[7] The wife herself testified that appellant had paid the rent, telephone, electricity, insurance and contributed to the cost of the children's clothing. The fact that she also contributed by purchasing groceries with the money she earned did not establish a failure by appellant to support her. The evidence showed that the ar- rangement was voluntary and seems never to have been objected to by appellee. Un- der the circumstances we hold that there was no factual basis to support the finding that the husband had failed to provide for the support of his wife and children.

We do not overlook the finding of the trial court that the husband had assaulted his wife, "causing her to leave him;" or the finding that he had delivered the children to his wife without providing for their sup- port, necessitating her "return to the fami- ly home." But such return was soon after

1. Oxley v. Oxley, 81 U.S.App.D.C. 346, 159 F.2d 10.

2. Wolfe v. Wolfe, 120 W.Va. 389, 198 S.E. 209.

3. See 67 C.J.S. Parent & Child § 11b; Grossman, New York Law of Domestic Relations § 130. Cf. Ex parte Phillips, 266 Ala. 198, 95 So.2d 77, where upon a remarriage of the parties the court de- creed "a resumption of the same joint right to custody which antedated the sep- aration and the divorce."

4. Boone v. Boone, 80 U.S.App.D.C. 152, 150 F.2d 153.

5. Bartlett v. Bartlett, 94 U.S.App.D.C. 190, 221 F.2d 508.

6. Lutz v. Lutz, D.C.Mun.App., 166 A.2d 489.

7. See Miller v. Miller, D.C.Mun.App., 180 A.2d 888; Johnson v. Johnson, D.C.Mun. App., 179 A.2d 720.

the suit was filed, and the family situation continued unchanged when the trial was had, a year or more later.

Reversed, with instructions to dismiss the complaint.