**Leila Ann Maddox SCHWIER, Appellant,**

v.

**Horace Eugene SCHWIER, Appellee.**

**No. 3577.**

District of Columbia Court of Appeals.

Argued Jan. 4, 1965.

Decided Feb. 19, 1965.

Rehearing Denied March 9, 1965.

Lola Boswell, Washington, D. C., for appellant.

George A. Schmiedigen, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

This is an appeal from a judgment awarding permanent custody of a minor daughter to the father and denying the wife both a legal separation from bed and board and her requests for alimony, suit money and counsel fees. Although appellant has enumerated some twelve errors, her principal complaint is that the trial judge deprived her of a fair hearing due to his personal hostility, bias and prejudice "in excesses beyond the limit of judicial propriety."

Although the trial judge employed some unjudicial descriptive terms and displayed some lack of forbearance during the course of the trial, we find the hearing was fairly conducted under all the circumstances. He did evidence a break in judicial calm when confronted with appellant's admissions, delivered without noticeable regret or apology, concerning her open and

notorious adultery with another man with whom she was consorting in a one-room, two-bed apartment where her legitimate child, about three years old, and a younger illegitimate child, were also living. This situation was so acutely immoral that the natural repugnancy of the trial judge was neither unreasonable nor proof of any religious bias. Notwithstanding that the language and earthy expressions of the trial judge during the hearing left much to be desired as a pattern for judicial demeanor and restraint on the bench and do not receive our approval, a fair consideration of the entire record does not firmly convince us that appellant did not receive a full, fair and complete trial or that the intemperate language and attitude of the trial judge alone require a reversal of this case and remand for a new trial. United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948). In the light of all the testimony, we are satisfied that the critical questions presented, if retried, would bring the same determination as reached in the first hearing.

Appellant also complains that there was error in denying her a legal separation from bed and board because of her husband's cruelty. The trial judge, however, was not satisfied that there was competent evidence that the misconduct alleged by appellant (but denied by the husband) had been shown to be of such character as to constitute cruelty for which she is entitled to a limited divorce. In passing upon the credibility of the witnesses who appeared for both sides in regard to the alleged physical abuse of the husband, the trial judge found that the appearance and manner of appellant and her witnesses in testifying on this question were not persuasive and their statements were rejected in favor of the husband's testimony and other proof which impressed the court as more accurate. Assessment of the truthfulness of witnesses who appear in court is the responsibility of the trial judge and his judgment will not be disturbed except upon a clear showing of abuse. We find no such abuse here and hold that the legal separation was properly denied for insufficient competent proof.

We next consider whether it was error for the court to award custody of the three-year-old daughter to the father. Appellant argues that as the trial judge denied her prayer for a legal separation he was without authority to award custody to either party. We have ruled that in the absence of the separation of the parents, the mother and father, as natural guardians of their minor children, are equally entitled to custody, and their custody is joint. Clements v. Clements, D.C.Mun.App., 184 A.2d 195, 196 (1962). "Separation," however, does not mean a separation by virtue of a legal decree but an actual living separate and apart in different abodes.

Here we have a wife unjustifiably residing away from her husband, having taken the minor child with her, to live in a meretricious relationship with another man. There is a presumption as a matter of law against the fitness of an adulterous parent to retain custody provided the innocent parent is found suitable. Dixon v. Dixon, D.C. App., 190 A.2d 652, 654 (1963). As we have so often said, it is not the adversary right of either parent that is determinative of custody but the welfare of the child that is paramount, and the law of this jurisdiction does not compel the award of a small child to the mother if the best interests of the child will be served by awarding its custody to the father. Coles v. Coles, D.C.App., 204 A.2d 330, 332 (1964). The record amply supports the trial judge's finding that appellant's total disregard of acceptable moral standards and her failure to provide a proper atmosphere and living accommodations for her minor child rendered her unfit to have permanent care and control of her small daughter. In the final analysis, the responsibility rests with the trial judge to weigh all the factors and in the light of what is best for the child to determine the proper custodian. We are convinced that

this has been done here and that the custody award to the father is justified by the record.

■ Appellant maintains that the question of custody was not before the court because appellee, with approval of the court, had dismissed, without prejudice, his complaint for custody. Appellant in her counter-complaint also sought custody and the husband's action did not remove this issue from the trial. Appellee at no time abandoned his desire for custody and testified to that effect from the witness stand. There is no question that the issue of custody was before the trial judge and he had the authority, if not the duty, to determine custody.

■ The trial judge has wide discretion in the award of suit money and counsel fees and his determination will not be disturbed except for clear abuse.[1] His finding that appellant's past and present misconduct was so grave as to bar her right to suit money and legal fees, especially in view of the husband's limited earning capacity, in our opinion was patently correct and we find no abuse in his denial of these items.

All other alleged errors are found to be without merit and the judgment is

Affirmed.

HOOD, Chief Judge (dissenting).

It is my opinion that appellant was denied a fair, impartial and judicial hearing. Appellant, a young mother, sought custody of her three-year-old daughter. She frankly admitted that after separation from her husband she began living with another man by whom she had an illegitimate child, and that she was still living with him. Notwithstanding the free admission of her adulterous conduct, the trial judge seemed preoccupied with her sexual relations. The record discloses more than twenty occasions when the trial court asked questions concerning, or made reference to, "intercourse," "sleeping with," "having it," "laying up with."[1a]

During the trial the judge lectured appellant respecting adultery, telling her "you can be sent to prison or fined for committing adultery."[2] He argued with appellant's counsel regarding the immorality of adultery, citing the Commandment, "Thou shalt not commit adultery." At the conclusion of the case the court denounced appellant as "just one step above a prostitute," "a common, ordinary everyday tramp," whose way of living was a "stinking situation," and stated: "I am so incensed by the way this common tramp acts that I could go down and do something to her myself."

The questioning of appellant by the judge in a manner designed only to ridicule and humiliate her, the judge's moralizing, his denunciation of appellant, and his expression of personal animosity towards her, convince me that the judge's personal emotions and concepts were permitted to completely override his judicial views. I do not say appellant is entitled to custody of her child, but I do say she is entitled to a judicial hearing.[3]

1. Payton v. Payton, D.C.App., 187 A.2d 899 (1963); Yancey v. Yancey, D.C.Mun. App., 184 A.2d 36 (1962).

1a. Some examples are: "Well, you wait for her (the child) to go to sleep before you have intercourse with him, huh?" (Record, p. 28) "When you get in bed, do you wear night clothes or do you just go to bed naked?" (Record, p. 35) "And so you just decided that the thing to do was to go lay up with Bill Sutton, huh?" (Record, p. 48) "Well, your husband was one man, you laid with in bed, wasn't he?" (Record, p. 52)

2. This statement was technically correct (D.C.Code 1961, 22–301) but I doubt there has been a conviction for adultery in this jurisdiction in the past twenty years.

3. Even a defendant in a criminal case, when he takes the stand, is entitled to "the same courtesies and consideration as all others involved in the proceeding." Armstead v. United States, U.S.App. D.C., decided January 28, 1965.