Thomas M. JOHNSON, Appellant,

v.

UNITED STATES, Appellee.

No. 3695.

District of Columbia Court of Appeals.

Argued April 12, 1965.

Decided June 16, 1965.

Norman M. Garland, Washington, D. C., for appellant.

David W. Miller, Asst. U. S. Atty., with whom David C. Acheson, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge:

Appellant pleaded guilty to two informations under the Uniform Narcotics Act and was sentenced to prison for one year on each, the sentences to be served consecutively. He later filed a motion to vacate the sentences and set aside the judgment of conviction. A hearing was held at which appellant presented evidence in support of his contentions that (1) the Court of General Sessions could not lawfully order his incarceration in the face of a prior subsisting commitment to Saint Elizabeths Hospital by the United States District Court; (2) he was mentally incompetent to plead guilty at the time of his arraignment; and (3) his guilty plea was vitiated because he had not received effective assistance of counsel at his arraignment. The trial court denied the motion and this appeal followed. Appellant claims that he was not given a fair hearing and that the court erred in not finding that the evidence supported his contentions.

In 1961 the United States District Court for the District of Columbia committed appellant to Saint Elizabeths Hospital following a jury verdict of not guilty by

reason of insanity in a felony case before that court. In July 1963 the court issued a conditional release order permitting appellant to return to the community. Shortly thereafter he violated the conditions of the release and it became subject to revocation. A bench warrant was then issued for his arrest by the District Court. Appellant claims that as he was still in the constructive custody of Saint Elizabeths Hospital at the time of his arrest on the narcotics charges, the Court of General Sessions had no jurisdiction to sentence him to imprisonment.

When appellant violated his conditional release from Saint Elizabeths and failed to return there, the hospital and the District Court no longer had actual physical custody of his body, although they may have retained constructive custody over it. The Court of General Sessions, on the other hand, had actual custody of appellant following his arrest, and this was sufficient to give it authority to exercise its jurisdiction to the exclusion of all other courts and to sentence him as provided by statute. United States ex rel. Pasela v. Fenno, 167 F.2d 593 (2d Cir.), cert. dismissed 335 U.S. 806, 69 S.Ct. 29, 93 L.Ed. 363 (1948). In the case of two conflicting sentences imposed by courts of different sovereigns, it has been held that physical possession of the body of the defendant gave the second court adequate jurisdiction, even over the express objection of the first court. Stewart v. United States, 267 F.2d 378 (10th Cir.), cert. denied Merriman v. Stewart, 361 U.S. 844, 80 S.Ct. 97, 4 L.Ed.2d 83 (1959); Strand v. Schmittroth, 251 F.2d 590 (9th Cir.), cert. dismissed 355 U.S. 886, 78 S.Ct. 258, 2 L.Ed.2d 186 (1957). As stated in the Strand case:

> "A multitude of cases indicate that, if the accused be brought personally before a court which has jurisdiction of the subject matter, he may be tried, convicted, sentenced and imprisoned. * * * It is immaterial that he is on bond to appear for trial in another court. It is of no consequence that he may have escaped from the prison of another sovereign or may have violated the order of probation of the court of another sovereign. The consent of no other sovereign is essential to the validity of the proceeding. The objection of no other sovereign is effective. * * *" 251 F.2d at 600.

Here both courts were created by the same sovereign and there was thus no frustration of one sovereign's jurisdiction by another as in the cases cited above. Regardless of which court had jurisdiction over appellant, the laws of the United States were being enforced, and appellant has no standing to object to the fact that the United States sought to enforce its laws in one of its courts rather than in another. If the District Court had objected to the sentencing of appellant by the Court of General Sessions, the objection should have been honored as a matter of courtesy, but absent this, the trial court was correct in exercising its jurisdiction and sentencing appellant.

Although the trial court unduly lengthened the hearing by eliciting much extraneous testimony not pertinent to the matters before it, and occasionally treated witnesses with less than the courtesy to which they were entitled, a review of the entire record demonstrates that appellant was given a fair opportunity to present his evidence and to be heard. See Schwier v. Schwier, D.C.App., 207 A.2d 115 (1965). The record shows that appellant failed to sustain his burden of proving that he was incompetent or that he was prejudiced by the actions of counsel at the time of his guilty pleas. On the contrary, there is substantial evidence to support the trial court's finding that the pleas of guilty were voluntarily and knowingly made and that appellant had effective assistance of counsel.

Affirmed.