Elizabeth Anne McCALLUM, Appellant

v.

Daniel W. McCALLUM, Jr., Appellee.

No. 4647.

District of Columbia Court of Appeals.

Argued July 15, 1969.

Decided Oct. 3, 1969.

Edmund H. Feldman, Washington, D. C., for appellant.

John C. Duncan, III, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and KELLY and NEBEKER, Associate Judges.

NEBEKER, Associate Judge.

This is an appeal from an order granting a preliminary injunction, based in part on

a finding of adultery, prohibiting the wife from allowing the alleged paramour on the premises at the family domicile at any time or taking the children into his presence, and allowing the husband visitation rights at the home or elsewhere pending a determination of custody. The court denied a request that the wife be preliminarily enjoined from preventing the husband to live at the family domicile.[1]

The granting or denial of a preliminary injunction is discretionary with the trial court. Review on appeal is limited to a determination of "whether there has been 'abuse of trial court discretion,' 'clear error,' 'violation of the rules of equity,' or 'improvident granting.'" Maas v. United States, 125 U.S.App.D.C. 251, 371 F.2d 348 (1966).

The denial of the requested preliminary injunction which would allow the husband to remain at the family domicile is tantamount to a preliminary determination granting the wife temporary custody of the children pending the outcome of the litigation. The court in so awarding may make reasonable orders under the circumstances allowing the husband visitation rights to see his children. D.C.Code 1967, §§ 11–1141 and 1161. Brewer v. Simmons, D.C.App., 205 A.2d 60, 63 (1964); Den v. Den, 126 U.S.App.D.C. 152, 154, 375 F.2d 328, 330 (1967). The order allowing exercise of these rights at the family domicile is not unusual or unreasonable and is a very common practice.

Although there is testimony in the record given by the wife reflecting that there were some violent encounters between the parties, we cannot say that this required a conclusion contrary to that reached by the trial court. That there was animosity cannot be denied, but the best interests of the children take precedence.[2] Clements v. Clements, D.C.Mun.App., 184 A.2d 195 (1962); Hitchcock v. Thomason, D.C.Mun.App., 148 A.2d 458 (1959); Davis v. Jurney, D.C.Mun.App., 145 A.2d 846 (1958). "It has been held repeatedly that the trial judge having heard the evidence, observed the witnesses, their demeanor, attitude, candor, or lack of candor, is best qualified to pass upon and determine the factual issues presented by their testimony. * * * This is especially true where the custody of minor children is involved." Gobar v. Gobar, 175 Cal.App.2d 129, 133, 345 P.2d 480, 484 (1959). In considering the evidence as a whole in light of the children's welfare, we find no abuse of the trial court's discretion.[3]

Appellant also contends, as she did in the motion for modification,[4] that the finding of adultery is unsupported and prejudicial to her on the future ultimate determination of this cause. That finding, in part, supports the preliminary injunction prohibiting the presence of the alleged paramour at the family domicile and preventing the appellant from taking the children into his presence.

The issuance of this injunction was primarily for the benefit of the children. The court found that the alleged paramour

> * * * conducted himself in such a fashion that it was an adverse reflection on the proper parent-child relationship between the defendant and his children, [and] constituted irreparable damage to the defendant and the parties' minor children. * * *

---

1  The appellee did not cross-appeal and this issue is presently not before the court.

2.  We cannot agree with appellant that her property rights are paramount to visitation rights of the husband and the interests of the children in seeing their father.

3.  If the appellant had additional evidence bearing on this point, it could have been presented to the trial court in the request for modification of the preliminary injunction order.

4.  *Id.*

We hold this finding to be sufficient, without the specific finding of adultery, to support the order. Findings of fact and conclusions of law which go beyond the necessities of the preliminary state of the case and which seem to decide matters more appropriately left for the decision at trial on the merits will be set aside. Industrial Bank of Washington v. Tobriner, D.C.Cir., 405 F.2d 1321, 1324 (1968); Toregas v. Susser, 110 U.S.App.D.C. 177, 290 F.2d 368 (1961). The finding of adultery has a direct effect on the fitness of the mother to have permanent custody of the children and should be made after a trial on the merits. Schwier v. Schwier, D.C.App., 207 A.2d 115, 117 (1965). We therefore set aside finding number 3 and order reference to adultery in the preliminary injunction order stricken.

Affirmed in part and reversed in part.